**KING–BRADWALL PARTNERSHIP, d/b/a Ramada Inn, Morristown, et al., Plaintiffs–Appellants,**

v.

**JOHNSON CONTROLS, INC., et al., Defendants–Appellees,**

v.

**Charles W. BURSON, Attorney General and Reporter for the State of Tennessee, Intervenor–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

June 15, 1993.

Application for Permission to Appeal Denied by Supreme Court Sept. 27, 1993.

Robert E. Pryor, Knoxville, for appellants.

Donald B. Oakley and C. Dwaine Evans, Morristown, Richard K. Wray and Jeffrey B. Whitt, Chicago, IL, Stephen W. Beik, Orlando, FL, Daryl R. Fansler, Richard L. Hollow, John C. Duffy, Charles A. Wagner, III, Marvin L. Campbell, Alan M. Parker, Margie L. Loeser, Beecher A. Bartlett, Jr., and David E. Smith, Knoxville, for appellees.

Charles W. Burson, Atty. Gen. and Reporter of Tennessee, and Mark A. Hudson, Asst. Atty. Gen., Nashville, for intervenor-appellee.

## OPINION

GODDARD, Judge.

The Plaintiffs, King–Bradwall Partnership, appeal the Trial Court's summary judgment in favor of the Defendants and raise the following issues:

I.   Did the Trial Court err in finding that the ten-year statute of limitations for products liability actions provided for in TCA 29–28–103 is applicable to this action?

II.   Did the Trial Court err in finding that TCA 29–28–103 is constitutional?

III.   Did the Trial Court err in finding no basis in law or fact for the application of the doctrines of fraudulent concealment to toll the running of TCA 29–28–103 if otherwise applicable and constitutional?

## FACTS

The Plaintiffs constructed a Ramada Inn Motel in Morristown, Tennessee, during 1979 and 1980.  The roof of the motel was constructed during the summer of 1980 using fire-retardant treated (FRT) wood products purchased directly or indirectly from the var-

ious Defendants in this matter. The record establishes that the last purchase of these products from any of the Defendants was on July 11, 1980.

No problems with the roofing materials surfaced until July 30, 1990, when in the process of inspecting asphalt shingles a worker fell through the roof decking. An employee of the Plaintiffs began investigating the problem and found, from speaking with a representative of the United States Forestry Service Research Laboratory, "that FRT plywood and lumber was known to degrade over time." The Plaintiffs filed suit on March 21, 1991, alleging negligence, failure to warn, breach of warranty, fraudulent misrepresentation, and unfair and deceptive trade practice under T.C.A. 47–18–101, et seq., from the marketing and sale of the FRT wood products contained in the motel roof. The Defendants subsequently filed motions for summary judgment based upon the statute of limitations set forth in T.C.A. 29–28–103 of the Products Liability Act of 1978.

In response to these motions the Plaintiffs stated that (1) the Tennessee Products Liability Act was inapplicable to the matter because they were alleging economic and pecuniary loss; (2) the Act is unconstitutional under the Tennessee Constitution; and (3) if the Act was indeed found constitutional, fraudulent concealment operated to toll the statute of limitations.

The Trial Court granted the motions for summary judgment in favor of the Defendants, finding that the suit was filed more than ten years after the purchase of the wood products, and that there was no basis for the application of the doctrine of fraudulent concealment. The Plaintiffs appeal the holding.

## DISCUSSION

### I

Because they are suing for economic loss, the Plaintiffs contend that this "action falls outside of the Tennessee Products Liability Act of 1978, and therefore outside the scope of T.C.A. 29–28–103." We, however, cannot agree. The Tennessee Products Liability Act of 1978 (Act) defines "product liability action" accordingly:

"Product liability action" for purposes of this chapter shall include all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

T.C.A. 29–28–102(6).

■ Applying the above definition to this action, we find that the Plaintiffs brought suit "on account of" damage from the roof's collapse, id est, "property damage." The collapse and subsequent damage suffered, viewing the evidence in a light most favorable to the Plaintiffs, was "caused by" the defective manufacture of the roofing materials. It clearly falls within the purview of a product liability action. Thus, the Act's statute of repose found at T.C.A. 29–28–103 is applicable and the Plaintiffs had only ten years from the last date of purchase of the roofing products to bring suit.[1] This did not

---

1. T.C.A. 29–28–103 provides:

(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28–3–104, 28–3–105, 28–3–202 and 47–2–725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years

from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

occur; the Plaintiffs' final purchase of FRT wood products was in 1980, yet suit was not filed until 1991.

■ Additionally, even if we did accept the Plaintiffs' premise that this is an action for pecuniary loss, we find it barred by T.C.A. 47–2–725, as it is then nothing more than an action for breach of the implied warranty of merchantability in the contract for sale of the roofing lumber.[2]

Consequently, we find that the action of the Plaintiffs is barred by either T.C.A. 29–28–103 or 47–2–725.

## II

■ The Plaintiffs further insist that T.C.A. 29–28–103 is "unconstitutional because it does not provide a savings clause for those injuries occurring before the ten-year expiration period, but brought after this expiration period." However, in this matter the Plaintiffs do not contend even that their injuries occurred before the ten-year limitation expired. As discussed in the facts above, the record shows that the last purchase of FRT wood products by the Plaintiffs was on July 11, 1980. The incident which triggered this cause took place on July 30, 1990. Therefore, the injury occurred after the expiration period and talk of any failure of the statute to provide for a savings clause is pointless. The Plaintiffs have no standing to bring such a claim.

Assuming, however, that the Plaintiffs could have brought an action challenging the constitutionality of T.C.A. 29–28–103, we nevertheless conclude such an attack must fail.

Initially, we note that a considerable number of constitutional challenges in both the federal and state courts have been undertaken regarding this statute. See *Jones v. Five Star Engineering, Inc.*, 717 S.W.2d 882 (Tenn.1986); *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn.1978); *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128 (6th Cir.1986); *Wayne v. Tennessee Valley Authority*, 730

F.2d 392 (5th Cir.1984); *Mathis v. Eli Lilly & Co.*, 719 F.2d 134 (6th Cir.1983); *Spence v. Miles Lab., Inc.*, 810 F.Supp. 952 (E.D.Tenn. 1992); *Stutts v. Ford Motor Co.*, 574 F.Supp. 100 (M.D.Tenn.1983); *Hawkins v. D & J Press Co., Inc.*, 527 F.Supp. 386 (E.D.Tenn. 1981); *Buckner v. GAF Corp.*, 495 F.Supp. 351 (E.D.Tenn.1979). In each challenge the constitutionality of T.C.A. 29–28–103 was upheld as a legitimate exercise of legislative authority.

■ Under the Fourteenth Amendment of the United States Constitution, a legislative action not affecting a suspect class or infringing upon a fundamental right is upheld if it is rationally related toward the advancement of any legitimate legislative interests of society. See, *e.g.*, *Kochins*, supra. Fundamental rights include voting, privacy, interstate travel, and the freedoms of speech and association. See generally *Ronald D. Rotunda & John E. Nowak, Treatise on Constitutional Law: Substance & Procedure, 2nd.*, Section 15.7 (1992). Suspect classifications are race, alienage, national origin, and sex. See *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Clearly this matter involves neither a fundamental right nor a suspect class. Furthermore, the Supreme Court of Tennessee "has adopted a virtually identical equal protection standard or analysis under Article XI, Section 8 of the Tennessee Constitution." *Spence*, supra (citing *Kochins*, supra, and *Harrison*, supra).

Thus, we need only determine that TCA 29–28–103 meets the minimal scrutiny requirements of the rational relations test. In so doing, we quote from *Spence*, supra, (at page 963):

> [T]he statute represents public policy which affords plaintiffs what the legislature deems to be a reasonable time to present their claims; and it protects defendant and the courts from having to deal with stale cases where the search for the

---

(b) The foregoing limitation of actions shall not apply to any action resulting from exposure to asbestos.

**2.** T.C.A. 47–2–725 requires that suit "for breach of any contract for sale must be commenced

within four (4) years after the cause of action has accrued." In this matter the breach of contract, and therefore the cause of action, would have accrued when the last "tender of delivery" was made on July 11, 1980.

truth and justice may be seriously impeded by the death or disappearance of witnesses, fading memories, disappearance of documents or other loss of material evidence. *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). In the preamble to § 29–28–103, the Tennessee General Assembly stated that the purpose of the statute of repose is to protect the public interest by making product liability insurance more readily available at a reasonable cost to manufacturers and sellers so that the cost of products may be lessened to consumers. The statute provides a reasonable time within which an action to recover damages may be commenced against a manufacturer or seller while limiting liability to a specific period of time so that product liability insurance premiums can be reasonably and accurately calculated. Ch. 703, Tenn.Pub. Acts 468–69; *Kochins,* 799 F.2d at 1139; *Mathis,* 719 F.2d at 139. The Tennessee statute of repose, then, was enacted for stated purposes. It is the role of the legislature, not this Court, to pass on the wisdom of that purpose. *Hargraves v. Brackett Stripping Machine Co.,* 317 F.Supp. 676, 683 (E.D.Tenn.1970).

### III

■ Finally, the Plaintiffs maintain that if the Act is found applicable to this action and constitutional, then the doctrine of fraudulent concealment should apply. We disagree.

As the Tennessee Supreme Court recently pointed out in *Benton v. Snyder,* 825 S.W.2d 409, 414 (Tenn.1992):

[A] plaintiff who seeks to toll a statute of limitations on the ground of fraudulent concealment must prove that the cause of action was known to and fraudulently concealed by the defendant. Knowledge on the part of the [defendant] of the facts giving rise to a cause of action is an essential element of fraudulent concealment. Concealment is also an essential element and it may consist of withholding information or making use of some device to mislead, thus involving act and intention. [Citations omitted.]

Generally, a plaintiff seeking to establish fraudulent concealment must prove that the defendant took affirmative action to conceal the cause of action and that the plaintiff could not have discovered the cause of action despite exercising reasonable diligence. Generally, the affirmative action on the part of a defendant must be something more than mere silence or a mere failure to disclose known facts. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry, *or else there must be a duty resting on the party knowing such facts to disclose them.* [Citations omitted.] [Emphasis in original.]

The Plaintiffs have failed to bring forth legally sufficient evidence to show that the Defendants fraudulently concealed information regarding defects with the FRT wood products. As the record indicates, the Trial Court permitted the Plaintiffs over four months to "develop and present proof" so as to strengthen their fraudulent concealment claims. The Plaintiffs chose not to conduct discovery, instead relying on previous affidavits of wood experts. Those affidavits make only general assertions that FRT wood was thought to degrade and lose strength "within the industry" as early as 1979. There are no specific assertions that the Defendants, other than those who manufactured the FRT lumber, had any knowledge of its defective nature. And further, there are no allegations that any of the Defendants knew of possible problems at the Ramada Inn Morristown.

The record, additionally, is devoid of evidence that the Defendants in any manner took affirmative action that was "something more than mere silence or a mere failure to disclose known facts." Thus, the Plaintiffs have failed to meet both elements of the fraudulent concealment test in *Benton,* and the statute of repose was not tolled.

### IV

To conclude, we affirm the Trial Court's action in granting the summary judgment and remand the cause for collection of costs

below. Costs of appeal are adjudged against the Plaintiffs and their surety.

FRANKS, J., and WILLIAM H. INMAN, Special Judge, concur.