94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary H. HAYES, as surviving spouse and personal
representative of the Estate of Walter Hayes, Sr., Mary H.
Hayes, individually, and Travis L. Hayes, a minor, by and
through his Guardian Ad Litem, Mary H. Hayes, Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION, A Delaware Corporation,
Defendant-Appellee.
 No. 95-5713.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: SILER and BATCHELDER, Circuit Judges, and CARR, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiffs appeal the district court's dismissal of this product liability action on the ground that it is time-barred. Upon examination of the Tennessee ten-year statute of repose for product liability actions, we find that there are no exceptions based in law or equity applicable to the statute and that the statute withstands constitutional muster. We therefore AFFIRM the district court's dismissal of this suit pursuant to FED.R.CIV.P. 12(b)(6).
 
 I. STATEMENT OF THE FACTS AND THE CASE
 
 2
 Walter Hayes was driving a 1973 Chevrolet C-10 pickup truck on September 11, 1993, when he lost control of the truck, skidding into a light post on a Memphis street. The only injuries Hayes suffered on impact were broken ankles; however, the fuel tank opened during the collision and Hayes was killed by the ensuing fuel-fed fire.
 
 
 3
 As a result of the accident, Hayes' family and estate ("the Hayeses") filed suit against General Motors Corporation ("GM"). The suit alleged that Hayes died as a result of a design defect which placed the truck's gas tank on the outside of the frame rails. According to the Hayeses, GM knew it had a problem with the gas tank design as early as 1973, during production testing, but didn't reveal the problem to the public, if it ever did, until it entered into a settlement in December, 1993, regarding the devaluation of similarly designed vehicles. The Hayeses alleged that the failure to make such information public constituted fraudulent concealment.
 
 
 4
 GM filed a motion pursuant to FED.R.CIV.P. 12(b)(6) seeking to dismiss the suit as time-barred by Tennessee's ten-year statute of repose which states, in pertinent part:
 
 
 5
 Limitation of actions--Exception.--(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within ... six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption....
 
 
 6
 TENN. CODE ANN. § 29-28-103(a) (Supp.1995).
 
 
 7
 The district court found the statute applicable to the present case and granted GM's motion to dismiss. The Hayeses subsequently filed this timely appeal.
 
 II. ANALYSIS
 
 8
 We review de novo the district court's determination of GM's motion to dismiss under Rule 12(b)(6). G.M. Eng'rs and Assoc., Inc. v. West Bloomfield Township, 922 F.2d 328, 330 (6th Cir.1990). In order for us to uphold the dismissal, "it must be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
 
 A. EQUITABLE CHALLENGES TO THE STATUTE
 
 9
 In essence, the Hayeses propose several arguments supporting their contention that the statute of repose does not apply here: (a) fraudulent concealment; (b) equitable estoppel; and/or (c) waiver. We shall consider each of these principles in turn.
 
 1. Fraudulent Concealment
 
 10
 The Hayeses essentially argue that fraudulent concealment creates an exception to the statute. The Hayeses rely on cases dealing with the Tennessee medical malpractice statute and a Tennessee court of appeals case implying that fraudulent concealment creates an exception to the product liability statute of repose. Each of these fails to support the Hayeses' position.
 
 
 11
 Reliance on the medical malpractice statute is misplaced. The Tennessee statute of repose for medical malpractice actions specifically creates an exception for fraudulent concealment: "In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant...." TENN. CODE ANN. § 29-26-116(3) (1980). No such exception is found in the products liability statute of repose. Rather, the language contained therein is sweeping: "in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption...." TENN.CODE ANN. § 29-28-103(a) (Supp.1995) (emphasis added). The plain language of the statute allows for no exceptions.
 
 
 12
 In fact, the plain language is so broad as to displace pre-existing common law principles of law and equity. In other statutes the Tennessee legislature has specifically stated that general principles of law and equity remain in place unless specifically displaced by the legislation. See e.g., TENN. CODE ANN. § 35-12-112 (Supp.1995) ("Unless displaced by the particular provisions of this chapter, the principles of law and equity supplement its provisions."); TENN.CODE ANN. § 47-1-103 (1980) ("Unless displaced by the particular provisions of chapters 1-9 of this title, the principles of law and equity ... shall supplement its provisions."); TENN.CODE ANN. § 66-28-103(c) ("Unless displaced by the provisions of this chapter, the principles of law and equity, including the law relating to ... estoppel, fraud, misrepresentation ... supplement its provisions.").[1] Such clauses are wholly absent from the products liability chapter.
 
 
 13
 Additionally, the Tennessee legislature has twice amended the statute of repose to create exceptions. In 1979 the statute was amended to except asbestos actions, 1979 Tenn.Pub.Acts, Chapter 162, § 1 (effective July 1, 1979). In 1993, actions arising from the use of silicone gel breast implants were excepted from the statute. 1993 Tenn.Pub.Acts, Chapter 457, §§ 1, 2 (effective May 26, 1993). Although presented with the opportunity, the legislature did not include fraudulent concealment as an exception.
 
 
 14
 The absence of language affirming the supplemental nature of equitable principles and the failure to specifically amend the statute to except fraudulent concealment are significant to our decision. The legislative inaction with regard to the statute of repose supports our interpretation, as expressio unius est exclusio alterius. See Bob Jones University v. United States, 461 U.S. 574, 600-02 (1983).
 
 
 15
 The Hayeses' reliance on King-Bradwell Partnership v. Johnson Controls, Inc., 865 S.W.2d 18, 22 (Tenn.Ct.App.1993), is likewise misplaced. King-Bradwell, a decision by the Tennessee court of appeals, dealt with a products liability suit involving allegedly defective fire-retardant treated wood products used on a roof which collapsed. 865 S.W.2d at 19-20. The plaintiffs to the action argued that the doctrine of fraudulent concealment should apply to § 29-28-103. The court quoted language from Benton v. Snyder, 825 S.W.2d 409, 414 (Tenn.1992), dealing with fraudulent concealment and the medical malpractice statute of repose. As pointed out above, the medical malpractice statute is wholly different from the products liability statute. The Benton language was primarily cited for the elements of fraudulent concealment, which, the court determined, were not established by the plaintiffs. Although the King-Bradwell court discussed fraudulent concealment in the context of § 29-28-103 and implied that the doctrine applied, we are not persuaded that such reasoning would be employed by the Tennessee Supreme Court. Exercising our best judgment in determining how the Tennessee Supreme Court would decide the question before us, Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456 (1967), we conclude that it would find that fraudulent concealment does not remove an action from the statute. See Cronin v. Howe, 906 S.W.2d 910, 913 (Tenn.1995) (statute of repose "absolute" absent statutory exceptions); Harrison v. Schrader, 569 S.W.2d 822, 824 (Tenn.1978) (holding that statute of repose acts as "an outer limit or ceiling" within which all suits must be brought); see also Wayne v. Tennessee Valley Auth., 730 F.2d 392, 401 (5th Cir.1984) (stating that "the Tennessee Supreme Court has recognized that once the period of time provided by such ceiling [of the statute of repose] has expired, actions brought after that period of time are barred."), cert. denied, 469 U.S. 1159 (1985); Wyatt v. A-Best Prod. Co., Inc., No. 03A01-9502-CV-00066, 1995 WL 702714 * 2 (Tenn.Ct.App. Nov. 30, 1995) (finding that the statute's "use of the words 'in any event' underscores the unconditional nature of the ten-year limitation," and concluding that Wyatt's claim was therefore time-barred before he could rationally be expected to have been aware of his latent injury, commenting, "[w]e do not necessarily agree philosophically with the results we reach. We can only construe the statute as it is, not as we think it ought to be.").
 
 
 16
 Although the conclusion may be harsh, we are bound by the plain language of the Tennessee legislature that fraudulent concealment is not an exception to the statute of repose.
 
 2. Equitable Estoppel
 
 17
 The Hayeses also claim that the doctrine of equitable estoppel prevents the application of the statute of repose as it would allow GM to take advantage of its own wrong. In support of this contention, the Hayeses cite to Tennessee cases which find the doctrine creates an exception to statutes of limitation. For the reasons of statutory construction and interpretation stated above, the doctrine does not create an exception.
 
 
 18
 Additionally, the Hayeses' reliance on cases finding an exception to the statute of limitations is unavailing. Statutes of limitations, while somewhat related to statutes of repose, are "different in both concept and function. A statute of limitation governs the time within which legal proceedings must be commenced after a cause of action accrues. A statute of repose, on the other hand, limits the time within which an action may be brought and is unrelated to the accrual of any cause of action." Bruce v. Hamilton, 894 S.W.2d 274, 276 (Tenn.Ct.App.1993), overruled on other grounds by Cronin v. Howe, 906 S.W.2d 910 (Tenn.1995). As a result, reliance on an exception to the statute of limitations, especially in light of the language of the statute at issue in this case, is unpersuasive.
 
 
 19
 Equitable estoppel does not operate to make the statute of repose inapplicable.
 
 C. Waiver
 
 20
 Finally, the Hayeses argue that GM waived its right to assert the statute by entering into a nationwide settlement. This argument too must fail.
 
 
 21
 The settlement was for the alleged diminution in value of the pick-up trucks and specifically excluded claims for personal injuries and wrongful death caused by the alleged design defect. As a result, GM could not be deemed to have waived its right to assert the statute of repose in a suit such as this.
 
 
 22
 More importantly, the manner in which Tennessee characterizes statutes of repose is fatal to the Hayeses' argument. "Statutes of repose are substantive rather than procedural. The running of a statute of limitations nullifies a party's remedy, and, as such, it is a procedural mechanism and may be waived. The running of a statute of repose, on the other hand, nullifies both the remedy and the right.... Because a statute of repose is substantive it relates to the jurisdiction of the court and any failure to commence the action within the applicable time period extinguishes the right itself and divests the ... court of any subject matter jurisdiction which it might otherwise have." Bruce, 894 S.W.2d at 276, (citations and quotation marks omitted), overruled on other grounds by Cronin v. Howe, 906 S.W.2d 910 (Tenn.1995). As a result, the statute of repose cannot be waived and the Hayeses' argument must fail.
 
 
 23
 B. CONSTITUTIONAL ADEQUACY OF THE STATUTE OF REPOSE
 
 
 24
 Although the Tennessee courts and the Sixth Circuit have repeatedly upheld the constitutionality of § 29-28-103, the Hayeses invite us to revisit that issue. The thrust of their argument is that since eight other states with similar statutes have declared those statutes unconstitutional, we should take another look at the constitutionality of Tennessee's statute. We decline to do so. Whether the statute violates the Tennessee Constitution is an issue better left to the state courts. Furthermore, the Hayeses raise no new issue relative to the United States Constitution meriting reconsideration. For the reasons espoused in the string of cases cited below, we uphold the constitutionality of this statute. Kochins v. Linden-Alimak, Inc., 799 F.2d 1128 (6th Cir.1986); Wayne v. Tennessee Valley Auth., 730 F.2d 392 (5th Cir.1984), cert. denied, 469 U.S. 1159 (1985); Mathis v. Eli Lilly & Co., 719 F.2d 134 (6th Cir.1983); Spence v. Miles Lab., Inc., 810 F.Supp. 952 (E.D.Tenn.1992), aff'd, 37 F.3d 1185 (6th Cir.1994); Via v. General Electric Co., 799 F.Supp. 837 (W.D.Tenn.1992); Stutts v. Ford Motor Co., 574 F.Supp. 100 (M.D.Tenn.1983); Hawkins v. D & J Press Co., 527 F.Supp. 386 (E.D.Tenn.1981); Buckner v. GAF Corp., 495 F.Supp. 351 (E.D.Tenn.1979); Jones v. Five Star Eng'g, Inc., 717 S.W.2d 882 (Tenn.1986); Harrison v. Schrader, 569 S.W.2d 822 (Tenn.1978); Wyatt v. A-Best Prod. Co., Inc., No. 03A01-9502-CV-00066, 1995 WL 702714 (Tenn.Ct.App. Nov. 30, 1995); King-Bradwell Partnership v. Johnson Controls, Inc., 865 S.W.2d 18, 22 (Tenn.Ct.App.1993).
 
 CONCLUSION
 
 25
 Accordingly, the ruling of the district court is AFFIRMED.
 
 
 
 *
 The Honorable JAMES G. CARR, United States District Judge for the Western District of Ohio, sitting by designation
 
 
 [1]
 These provisions indicate the Tennessee legislature's intent for statutes to automatically displace common law and equitable principles unless those principles are specifically retained