# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

GILES DAMRON, on behalf of himself
and all others similarly situated,

       Plaintiff/Appellee,

VS.

MEDIA GENERAL, INC., NES, II, INC.,
d/b/a ONDULINE SALES and
SERVICE, and GARDEN STATE
PAPER COMPANY, INC., a wholly
owned subsidiary of
MEDIA GENERAL, INC.,

       Defendants/Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Appeal No.
01-A-01-9805-CV-00251

Lincoln Circuit
No. C-96-00043

FILED

May 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

APPEALED FROM THE CIRCUIT COURT OF LINCOLN COUNTY
AT FAYETTEVILLE, TENNESSEE

THE HONORABLE F. LEE RUSSELL, JUDGE

C.J. GIDEON, JR.
BRYAN ESSARY
EDWARD A. HADLEY
Suite 1900, NationsBank Plaza
Nashville, Tennessee 37219-1782

RAYMOND W. FRALEY, JR.
205 East Market Street
Fayetteville, Tennessee 37334
      Attorneys for Plaintiff/Appellee

E. CLIFTON KNOWLES
ROBERT E. COOPER, JR.
SAMUEL L. FELKER
E. STEELE CLAYTON, IV
Suite 2700, First American Center
Nashville, Tennessee 37238-2700
      Attorneys for Defendants/Appellants

W. OVID COLLINS, JR.
JOSEPH R. WHEELER
Suite 2700, Nashville City Center
Nashville, Tennessee 37219
      Attorneys for Tennessee Association of Business

REVERSED AND DISMISSED

                          BEN H. CANTRELL
                          PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

In this action, the plaintiff sought to represent a class of purchasers of a roofing product. The defendants moved for summary judgment on the product liability statute of repose, the applicable statute of limitations, the economic loss doctrine and laches. The Circuit Court of Lincoln County overruled the motion for summary judgment and granted the plaintiff's motion for class certification. We granted the defendants' motion for an interlocutory appeal under Rule 9, Tenn. R. App. Proc. We reverse the lower court's order and dismiss the action.

## I.

Onduline roofing material is made of compressed paper fibers impregnated with asphalt. In the fall of 1979, Mr. Giles Damron, a Lincoln County farmer, bought approximately 5,300 square feet of the material to roof a pig barn. Before he completed the roof, he noticed that water collected on its underside and dripped on the barn floor. This problem turned out to be persistent, and despite Mr. Damron's efforts to correct it by painting the underside of the roof and installing a ventilation system, the roof continued to sweat. However, the water no longer dripped on the floor.

Three years later, the roof developed cracks and started to leak. Mr. Damron patched the roof with roofing cement, which temporarily stopped the leaks. Over the next two years, additional cracks appeared, however, and Mr. Damron finally covered the roof with tin.

On March 27, 1996, Mr. Damron filed suit in the Circuit Court for Lincoln County against three defendants that allegedly manufactured and distributed Onduline roofing materials. The complaint sought damages for breach of contract, breach of express and implied warranties, misrepresentation, negligence, strict liability, and fraud. Mr. Damron sought to represent a class of plaintiffs that had been damaged by the failure of Onduline products.

The defendants moved for summary judgment, alleging that Mr. Damron's claims were barred by the product liability statute of repose, the applicable statute of limitations, the economic loss doctrine, and laches. The plaintiff responded to the defendants' motion for summary judgment and moved for certification of the class. The court denied the motion for summary judgment and granted the class certification. The trial court and this court granted the defendants' Rule 9, Tenn. R. App. Proc. motion for permission to appeal.

## II.

### THE STATUTE OF LIMITATIONS/STATUTE OF REPOSE

Actions seeking to recover damages for the harm caused by goods that fail to meet the promises of the sellers or are defective or unreasonably dangerous must be brought within specified time periods, depending on the harm alleged and -- sometimes -- on the cause of action. *See Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318 (Tenn. App. 1991). In general, actions for damages to property must be brought within three years of the accrual of the cause of action, Tenn. Code Ann. § 28-3-105(1), except where the action is based on a breach of warranty, in which case the action may be brought within four years of accrual. Tenn. Code Ann. § 47-2-725(1). "Accrual" occurs at different times for the different claims. Under Tenn. Code Ann. § 28-3-105(1) the cause of action does not accrue until discovery, *Prescott v. Adams*, 627 S.W.2d 134 (Tenn. App. 1981); under Tenn. Code Ann. § 47-2-725(1), however, the cause of action generally accrues upon tender of delivery, and the time may run even before the breach is discovered. *Layman v. Keller Ladders, Inc.*, 455 S.W.2d 594 (Tenn. 1970); *Poppenheimer v. Bluff City Motor Homes*, 658 S.W.2d 106 (Tenn. App. 1983).

The discovery rule allows actions to be brought well beyond the limitation period measured from the sale of the product or the negligent act. To add an outside limit to the exposure period the legislature has seen fit to pass various

statutes of repose beyond which a cause of action cannot accrue. *Cronin v. Howe*, 906 S.W.2d 910 (Tenn. 1995). Thus, there is a three year statute of repose for medical malpractice claims, Tenn. Code Ann. § 29-26-116(a)(3), a four year statute of repose for the defective design or construction of improvements to real estate, Tenn. Code Ann. § 28-3-202, and a four year statute of repose for a faulty survey, Tenn. Code Ann. § 28-3-114(a)(running from the date the survey is recorded on the plat.) In one form or another all these statutes of repose incorporate a tolling feature triggered by fraudulent concealment.

In 1978 the legislature passed the "Tennessee Product Liability Act of 1978." It applied to all actions seeking to recover for personal injuries, death, or property damage caused by defective or unreasonably dangerous products, i.e. by tangible objects or goods. Tenn. Code Ann. § 29-28-102(5) and (6). Any action "under any substantive legal theory in tort or contract" came within the Act's definitions. *Id.* at (6).

The Product Liability Act contained its own statute of repose:

> (1) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one(1) year after attaining the age of majority, whichever occurs sooner.

Tenn. Code Ann. § 29-28-103(a).

Under this statute, an action must first meet the requirements of the "ordinary" statutes of limitations; but if any exceptions to these statutes make them inapplicable, there is an outside limit of ten years from the date the product is first purchased for use or consumption.

Mr. Damron was able to avoid summary judgment in the court below by contending that there are facts in dispute relative to whether the defendants fraudulently concealed the cause of action from him. The defendants argue that there is no fraudulent concealment exception to Tenn. Code Ann. § 29-28-103.

We are persuaded that the defendants are correct. An exception is not found in the statute itself, and it appears that the choice not to include the exception was deliberately made by the legislature. When the House of Representatives debated the bill in 1978, one of the members proposed the following amendment:

> "Any defect discovered in a product during the 10 year period for claims which is known to the manufacturer or seller, and is concealed by him, shall toll the running of the 10 year period and the computation shall recommence only when the manufacturer or seller makes a bona fide effort to inform persons who possess or use the product.

One of the sponsors moved to table the amendment and the motion carried by a vote of fifty-two to forty. Although the amendment's sponsor was not crystal clear in his explanation of the amendment, the amendment itself is clear and its defeat is a powerful indication that the House of Representatives intended that a ten year period would be the outside limit and would not be affected by concealment of a defect by the manufacturer or seller.

Mr. Damron cites *King-Bradwell Partnership v. Johnson Controls, Inc.*, 865 S.W.2d 18 (Tenn. App. 1993) as authority for the proposition that fraudulent concealment will toll the products liability statute of repose. In that case, however, the court did not address the question directly. While assuming that fraudulent concealment would toll the statute, the court found that the facts in the case were insufficient to support a finding of fraudulent concealment. So far as we have been able to discover, this is the first case where the parties have joined issue in the state courts on the question of whether fraudulent concealment will toll the products liability statute of repose.

The issue was raised in the federal court in *Hayes v. General Motors Corporation*, No. 95-5713, 1996 U.S. App. LEXIS 22345 (6th Cir. Aug 8, 1996), and the Sixth Circuit concluded that the sweeping language in the statute ("in any event, the action must be brought within ten years . . .") allowed for no exceptions.

Mr. Damron also relies on an earlier case, *Patten v. Standard Oil Co. of Louisiana*, 55 S.W.2d 759 (Tenn. 1933), for the proposition that all statutes of limitations in Tennessee are statutes of repose and that fraudulent concealment will toll the running of the statute. That conclusion is drawn from a statement by the court near the end of that opinion, after the court had already found that the plaintiff had not alleged facts amounting to fraud, that "the statute of limitations is looked upon with favor as a statute of repose." 55 S.W.2d at 762. We think, however, if that was the view of the Supreme Court in 1933, the court abandoned that view completely in subsequent cases. *See Harrison v. Schrader*, 569 S.W.2d 822 (Tenn. 1977); *Watts v. Putnam Co.*, 525 S.W.2d 488 (Tenn. 1975) (dealing with the question of how discovery affects statutes of limitation and statutes of repose.)

We are also aware of cases in which the courts have tolled the running of a statute of repose for reasons not recognized in the statute itself. *See Bowers v. Hammond*, 954 S.W.2d 752 (Tenn. App. 1997)(medical malpractice statute of repose tolled by minority of the plaintiff).

In none of these cases, however, do we have a strong indication from the legislature of its intent to make the statute of repose the outside limit in which the cause of action could accrue. We hold that the statute of repose in Tenn. Code Ann. § 29-28-103(a) is a bar to Mr. Damron's claim.

Since we have held that Mr. Damron's claim must be dismissed, the issue of his ability to represent a class of Onduline purchasers is moot. We, therefore, will not address that issue.

- 6 -

The judgment of the court below is reversed and the complaint is dismissed. Remand the cause to the Circuit Court of Lincoln County for any further proceedings that may become necessary. Tax the costs on appeal to the appellee.

- 7 -

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE