**ROSKAM BAKING COMPANY,**
Plaintiff/Counter–
Defendant,

v.

**LANHAM MACHINERY COMPANY, INC., APV Consolidated, Inc., APV Baker Company, Inc., Defendants/Counter–Plaintiffs.**

No. 1:97–CV–213.

United States District Court,
W.D. Michigan,
Southern Division.

April 18, 2000.

---

Miles J. Murphy, III, Flickinger & Plachta, PC, Grand Rapids, Michael J. Izzo, Jr., Robert M. Caplan, Cozen & O'Connor, Philadalphia, PA, for Roskam Baking Company.

Mark H. Verwys, Plunkett & Cooney, PC, Grand Rapids, MI, for Lanham Machinery Company, Inc., APV Consolidated, Inc., APV Baker Company, Inc.

## *MEMORANDUM OPINION*

QUIST, District Judge.

Defendants, Lanham Machinery Company, Inc., APV Consolidated, Inc., and APV Baker Company, Inc. (collectively "APV" or "Defendants"), filed a motion seeking dismissal or summary judgment based on, among other things, a statute of limitations/statute of repose, M.C.L. § 600.5839(1). In a January 24, 2000, Memorandum Opinion and Order, this Court held that APV waived its statute of limitations/statute of repose defense by not raising the defense in a timely manner. In that Opinion and Order, this Court did not reach the issue of whether § 600.5839(1) was a statute of limitation or a statute of repose, finding that, regardless of the characterization, the defense was waived by APV's delay in raising it. This matter is before the Court on APV's Motion for Reconsideration arguing that § 600.5839(1) is a statute of repose which cannot be waived and, therefore, the Court should have dismissed Plaintiff's claims.

## Discussion

APV contends that § 600.5839(1) is a statute of repose which is substantive in nature and cannot be waived by APV's failure to raise the defense in a timely manner. In support of this argument, APV cites the unreported decision of the United States Court of Appeals for the Sixth Circuit in *Hayes v. General Motors Corp.*, No. 95–5713, 1996 WL 452916 (6th Cir. Aug.8, 1996) (per curiam). The *Hayes* court found that a Tennessee statute of repose was substantive and, therefore, could not be waived. *See id.* at *4. *Hayes,* however, was expressly based on Tennessee characterizations of statutes of repose as substantive mechanisms which cannot be waived, as opposed to statutes of limitations which Tennessee characterizes as waivable procedural mechanisms. *See id.* Because the *Hayes* court relied on Tennessee law for its determination the *Hayes* decision is not controlling on this issue under Michigan law. Other jurisdictions require that a statute of repose be raised as an affirmative defense. *See Dunton v. Whitewater W. Recreation, Ltd.,* 942 P.2d 1348, 1350–51 (Colo.App.1997) (finding that a statute of repose was not jurisdictional and, therefore, could be waived if not raised as an affirmative defense); *see also Koch v. Shell Oil Co.,* 52 F.3d 878, 880 (10th Cir.1995) (applying Kansas law and finding that both statutes of repose and statutes of limitation must be raised as affirmative defenses); *Patton v. Hutchinson Wil–Rich Mfg. Co.,* 253 Kan. 741, 747, 861 P.2d 1299, 1306 (1993) (holding that a statute of repose is an affirmative defense that must be pled).

■ The specific issue before this Court on reconsideration is whether, under *Michigan* law, M.C.L. § 600.5839(1) is a statute which need be raised as an affirmative defense or whether it is a statute which prevents a claim from arising in the first instance. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). If it is a statute that must be raised as an affirmative defense, then this Court would again hold that APV waived the defense by failing to plead the affirmative defense in a timely manner. If § 600.5839(1) is a statute which prevents a claim from arising in the first instance, then Plaintiff has failed to state a claim upon which relief can be granted. Failure to state a claim for which relief can be granted is not waived and may even be made at the trial on the merits. *See* Fed. R.Civ.P. 12(h)(2); *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 610 (6th Cir.1995). Therefore, a defendant need not assert in its answer an affirmative defense that plaintiff has failed to state a claim upon which relief can be granted. *See id.* at 610–11. If matters outside the pleadings are presented to the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. *See* Fed.R.Civ.P. 12(b).

### Statutes

M.C.L. § 600.5839(1):

No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, ... against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement . . . .

28 U.S.C. § 1738:

The records and judicial proceedings of any court of any such State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

### Analysis

Upon further review, this Court concludes that Roskam has no claim against APV arising out of the 1996 fire.

The effect of M.C.L. § 600.5839(1) is set forth most clearly by the Michigan Supreme Court in *O'Brien v. Hazelet & Erdal*, 410 Mich. 1, 299 N.W.2d 336 (1980), wherein the Court said:

> As one Court of Appeals panel explained, the instant statute is both one of limitation and one of repose. For actions which accrue within six years from occupancy, use, or acceptance of the completed improvement, the statute prescribes the time within which such actions may be brought and thus acts as a statute of limitations. *When more than six years from such time have elapsed before an injury is sustained, the statute prevents a cause of action from ever accruing. The plaintiff is not deprived of a right to sue a state-licensed architect or engineer because no such right can arise after the statutory period has elapsed.*

*Id.* at 15, 299 N.W.2d at 341 (emphasis added) (footnotes omitted). Then, in quoting *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 199–200, 293 A.2d 662, 667 (1972), with approval:

> [The statute] does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovery. *The injured party literally has no cause of action.* The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy. The Legislature is entirely at liberty to create new rights or abolish old ones as long as no vested right is disturbed.

410 Mich. at 15–16, n. 19, 299 N.W.2d at 341, n. 19 (underlining added). Thus, if more than six years elapsed from the time the oven was installed, if APV was a person subject to the protection of the statute, and if the oven was an improvement to real property, M.C.L. § 600.5839(1) prevents "a cause of action from ever accruing."

There is no genuine issue of material fact about when the oven was installed or when the fire occurred. Installation of the oven was completed no later than 1988, and the fire at the Butterworth facility occurred in 1996. Roskam's claims, therefore, fall beyond the six year time limit.

 On December 6, 1999, in the state court case involving the same parties and addressing the issue of whether Roskam had a valid claim against APV because of the 1996 fire, Circuit Court Judge H. David Soet dismissed Roskam's cross-claims against co-defendant APV for contribution and indemnification pursuant to § 600.5839(1) because the fire was beyond the statute of repose. (*See Trafford Park v. Roskam Baking Co., et al.*, 12/7/99 Order, Defs.' Reply Br. Attach. A.) In his oral opinion, Judge Soet holds that APV was a person entitled to the protection of § 600.5839(1). (*See* Pl.'s Br. Opp. Mot. Dismiss Ex. B at 5–6.) Judge Soet also specifically held that the installation by APV was an improvement to real property. (*See id.* at 6–7.) This Court must give a Michigan court's judgment the same preclusive effect it would be given under Michigan law. *See Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir.1996) (per curiam); *see also* 28 U.S.C. § 1738. Under Michigan law, an issue is precluded from relitigation in "a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was actually litigated and necessarily determined." *See Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 461–62 (6th Cir.1999). An issue has been litigated where it was placed in issue, submitted to the court, and determined by the court. *See id.* at 462.

Roskam argues that Judge Soet's ruling is not binding on this Court because this Court is only bound by decisions of the Michigan Supreme Court, not Michigan trial courts. This argument confuses the

principle that this Court is bound to follow Michigan Supreme Court determinations when considering issues of Michigan law with the doctrine of issue preclusion, which requires that this Court recognize the validity of prior state court judgments. *See Spence,* 92 F.3d at 382; *see e.g. Chakan v. City of Detroit,* 998 F.Supp. 779, 783 (E.D.Mich.1998) (mem.op.) (giving preclusive effect to a Michigan circuit court grant of summary judgment).

■ Roskam contends that the doctrine of res judicata or claim preclusion does not apply in the instant case because the cause of action and the parties in the present suit are not identical to those in *Trafford Park.* This Court, however, does not decide the issue on claim preclusion, but on issue preclusion. Issue preclusion only requires that the issue was actually litigated and necessarily determined in a proceeding involving the same parties. *See In re Markowitz,* 190 F.3d at 461–62. Roskam and APV were both parties in *Trafford Park,* and the applicability of § 600.5839(1) was put at issue between these two parties in that case. For an issue to be precluded, only the issue in the two cases need be identical; the causes of action need not be identical. As stated in *In re Markowitz,* issue preclusion applies "even if decided as part of a different claim or cause of action." *Id.* at 461 (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir. 1992)); *see also Kaufman v. BDO Seidman,* 984 F.2d 182, 184 (6th Cir.1993). As in *Kaufman,* while there may be different theories of liability, there is no difference at all in the alleged wrongful acts of APV in the state case or the case before this Court. Roskam's claims in both cases are based on negligent installation of the oven. (*See* 7/15/99 Order; Pl.'s Br. Opp. Mot. Dismiss Ex. B at 7.) Issue preclusion, therefore, applies in the present case.

■ Roskam argues that Judge Soet did not provide for sufficient factual development of the issues and, therefore, they were not fully and fairly litigated. Judge Soet, however, heard oral argument re-

garding application of § 600.5839(1) to Roskam's claims and held that § 600.5839(1) barred the claims. Michigan considers summary judgment a determination on the merits. *See Franklin v. City of Pontiac,* 887 F.Supp. 978, 983 (E.D.Mich.1995) (citing *City of Detroit v. Nortown Theatre, Inc.,* 116 Mich.App. 386, 391, 323 N.W.2d 411 (1982)). The issue, therefore, was determined because Judge Soet dismissed Roskam's claims against APV based on § 600.5839(1). *See In re Markowitz,* 190 F.3d at 462. In essence, Roskam requests this Court to second guess the adequacy of Judge Soet's factual findings and legal conclusions. This is precisely what issue preclusion is designed to preclude—the relitigation of the same issue. As stated *In re Markowitz,* "[t]he doctrine of collateral estoppel 'precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties ....'" *Id.* at 461 (quoting *Sanders,* 973 F.2d at 480). The fact that Roskam has appealed or might appeal Judge Soet's determination does not destroy the determination's preclusive effect because both Michigan and federal courts hold that appeal of a judgment does not alter the judgment's preclusive effect. *See Chakan,* 998 F.Supp. at 783 (citing *City of Troy Building Inspector v. Hershberger,* 27 Mich.App. 123, 127, 183 N.W.2d 430 (1970)).

This Court, therefore, is bound by issue preclusion to find that there can be no claim by Roskam against APV because of the 1996 fire. *See Anderson–Keri v. Detroit Bd. of Educ.,* No. 99–1083, 1999 WL 1206867, at *2 (6th Cir. Dec.9, 1999). M.C.L. § 600.5839(1) prevented a claim from ever arising. As stated in *O'Brien,* Roskam "has *no* cause of action." *Id.* at 15–16, n. 19, 299 N.W.2d at 341, n. 19.

It is a shame that APV waited so long to move to dismiss on the basis of M.C.L. § 600.5839(1). This motion could have been brought soon after the complaint was filed. In the meantime, all parties have incurred enormous legal fees and costs—

discovery, constant wrangling over discovery, many motions, etc. This Court can only hope that the delay was because of professional oversight, which is excusable, as distinguished from a desire to gain large fees, which is inexcusable.

In any event, for the reasons stated above, APV's motion for reconsideration will be granted, and this case will be dismissed in its entirety.

An Order consistent with this Memorandum Opinion will be entered.

### ORDER

For the reasons stated in the Court's Memorandum Opinion entered today,

**IT IS HEREBY ORDERED** that Defendant APV Consolidated, Inc.'s Motion for Reconsideration (docket no. 253) is **GRANTED.**

The Clerk shall enter judgment for all Defendants.

This case is concluded.