In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-2400

CHARLES DOSS,

*Plaintiff-Appellant,*

*v.*

CLEARWATER TITLE CO., *et al.*,

*Defendants,*

and

FIRST FRANKLIN FINANCIAL CORP., *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 6170—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED SEPTEMBER 4, 2008—DECIDED DECEMBER 24, 2008

Before MANION, WOOD, and TINDER, *Circuit Judges.*

WOOD, *Circuit Judge.* Although this case began as a suit under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* along with supplemental state theories, it was nipped in the bud by the district court with a dismissal for failure to state a claim upon which relief can be

granted. See FED. R. CIV. P. 12(b)(6). In granting that motion, however, the district court failed to take the alleged facts in the light most favorable to the pleader—a perspective that remains in force even after the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Once we sort through a few jurisdictional issues, it becomes clear that Doss is entitled to proceed with his lawsuit. We therefore reverse and remand for further proceedings.

# I

On August 27, 2004, Charles Doss refinanced the mortgage on his home. He used the services of a company called The Loan Arranger, which put him in touch with Franklin Financial Corporation. Franklin agreed to loan Doss $135,000, on the condition (among other things) that he obtain title insurance. Doss did so, giving his business to Clearwater Title Company. Unbeknownst to Doss, The Loan Arranger and Clearwater were affiliated with one another; worse, Clearwater was unlicensed. At the closing of the refinancing transaction Doss was given a document entitled Itemization of Amount Financed. The Itemization indicated that Doss was to be charged $500 for the title insurance, but the HUD-1 Settlement Statement form reveals that Doss was actually charged $1,470 for that item. On November 13, 2006, Doss filed this lawsuit in federal court, asserting that TILA had been violated in various ways in the course of his refinancing deal, as had the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.* The defen-

dants named in the TILA count were Franklin, JPMorgan Chase Bank N.A., Saxon Mortgage Services, Inc., and a John Doe; Clearwater, Franklin, and The Loan Arranger were the defendants named in the Consumer Fraud count. Chase owned the note and the mortgage, and Saxon was servicing the mortgage. Chase and Saxon had filed for foreclosure on March 29, 2006, some six and a half months before Doss sued. Doss settled with Clearwater and The Loan Arranger at some point before the motion, and so they play no part in this appeal.

The position of appellant Franklin requires some additional explanation. Early in the proceedings, Doss moved for default judgment against Franklin; the district court's order of February 28, 2007, disposing of that motion reads in relevant part as follows:

> Plaintiff Charles Doss' motion for default judgment as to defendant First Franklin Financial Corporation is granted. Default is hereby entered in favor of the plaintiff Charles Doss and against defendant First Franklin Financial Corporation.

While it is not entirely clear from this order whether the court was merely entering a default under FED. R. CIV. P. 55(a), or a default judgment under Rule 55(b)(2), later proceedings convince us that it was a default judgment. Franklin so interpreted it, which is why it filed a motion seeking to set aside the "default judgment"; the district court acknowledged that motion in an order dated March 15, 2007. As far as this record shows that is the last time the district court focused on Franklin's part of the case. This was, therefore, the district court's final disposition with respect to Franklin.

In response to Doss's complaint, Chase and Saxon jointly filed a motion under Rule 12(b)(6) to dismiss for failure to state a claim. That motion introduced a new factual assertion into the case: it alleged that Doss sold the property by a quitclaim deed dated June 27, 2006; the deed was recorded on June 29, 2006. They attached a copy of that deed to their motion. Based on this new evidence, Chase and Saxon argued that Doss no longer had a right to rescind the transaction. See 15 U.S.C. § 1635(f). Doss then filed a response, in which he asserted that he had not sold or otherwise transferred his property, and that the deed attached to the defendants' motion was a forgery. Indeed, Doss continued, he had filed a quiet title claim in the Circuit Court of Cook County and had caused a *lis pendens* notice to be recorded with the Cook County Recorder of Deeds. Doss attached a copy of both his state court complaint and his *lis pendens* notice to his response.

The district court granted the motion to dismiss in an order dated April 17, 2007. It decided to take judicial notice of the deed of sale, offering the following explanation:

> In the instant action, we can take judicial notice of the Deed, which is a matter of public record. Although Doss claims that the Deed is a forgery he has not presented any evidence that shows the Deed has been found invalid by the state court. Doss cannot prevent a dismissal of this action merely by presenting allegations of fraud on the part of the Alleged Buyers. At this juncture, the Deed is evidence of a valid sale of the

House. Therefore, based upon the record before us, we conclude that Doss no longer has a right to rescission and we grant the motion to dismiss.

With the TILA claim gone, the district court exercised its discretion to dismiss Doss's supplemental state law arguments as well. It noted at the end of its order that the action was dismissed without prejudice. In addition, it rules that "[a]ll pending dates and motions are hereby stricken as moot." The effect of the last sentence was to deny Franklin's motion to set aside the default judgment against it.

Doss filed a timely motion for reconsideration or, in the alternative, for leave to file an amended complaint. He argued that the defendants' allegation that his TILA rights had expired was an affirmative defense, and thus not an appropriate subject for a dismissal under Rule 12(b)(6). Moreover, he said, there was an evidentiary dispute about the status of the supposed conveyance. He urged the district court to permit him to amend his complaint so that he could assert that the conveyance was invalid and that no sale of his property had taken place. Finally, Doss suggested that the district court stay its proceedings until the state court action was resolved, pointing out that his right to rescind under TILA was due to expire on August 27, 2007.

The district court, in an order dated May 24, 2007, denied all of Doss's requests. It held that he was precluded from taking the position that the defendants were trying to use an affirmative defense, because he had not said anything about this in his response to their motion to

dismiss. In any event, the court considered this argument to be without merit, because, it said, § 1635(f) is not a statute of limitations, but rather is a condition precedent to bringing a TILA rescission action. The court thought that Doss's request for discovery also came too late, and it saw no reason to grant the requested stay because it had no way of predicting what the state court would do.

Doss filed a notice of appeal on June 14, 2007. While the case was pending before this court, the state court entered a judgment on August 23, 2007, in Doss's favor, finding that the deed had not been delivered, nor had any ownership interest in the property been conveyed to another person.

## II

In some ways, it is hard to know where to begin, apart from saying that this litigation took a bad fall off the rails. We should comment, however, both on the district court's jurisdiction and on appellate jurisdiction, before explaining why that is the case. We first address the district court's subject-matter jurisdiction, and then our own appellate jurisdiction.

The defendants have argued before this court that the district court lacked subject-matter jurisdiction over Doss's TILA claim because he had sold the property before he claimed a right to rescission. The statute, they point out, provides that:

> An obligor's right of rescission shall expire three years after the date of consummation of the trans-

action or upon the sale of the property, whichever occurs first . . . .

15 U.S.C. § 1635(f). They note as well that the Supreme Court, in *Beach v. Ocwen Federal Bank,* 523 U.S. 410 (1997), characterized § 1635(f) as a statute of repose, holding there that borrowers had no right to assert a right to rescind as an affirmative defense in an action to collect brought by a lender more than three years after the consummation of the transaction. *Ocwen,* 523 U.S. at 419.

The *Ocwen* opinion contains not a word about the subject-matter jurisdiction of the district court. It presents only an example of a case in which a claim is doomed to fail on the merits. It is worth repeating what the Supreme Court had to say about this in *Bell v. Hood,* 327 U.S. 678 (1946):

> Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. . . .

> The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

*Id.* at 682-83. The Court has steadfastly followed this rule in the years since *Bell.* See, *e.g., Oneida Indian Nation of New York State v. County of Oneida, New York,* 414 U.S. 661, 666-67 (1974); *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1998); *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 513-16 (2006).

We acknowledge that some of our sister circuits have characterized § 1635(f) as "jurisdictional," without any discussion of these Supreme Court cases. See *Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th Cir. 2002); see also *Hayes v. General Motors Corp.,* 94 F.3d 644, *4 (6th Cir. 1996) (unpublished) (citing Tennessee law). *Hayes,* however, is nonprecedential, and nothing seems to have turned on the label in *Miguel,* since the bank (which was the party seeking to take advantage of the three-year period of repose) does not seem to have slept on its rights.

In our view, there is nothing jurisdictional about § 1635(f)'s period of repose. Just like the 15-employee requirement in Title VII discussed in *Arbaugh, supra,* it is merely a precondition to a substantive right to relief. Interesting though the point is, however, this is not a disagreement that we need to push in this case. The

issue here is not whether the alleged sale of Doss's property acts as a jurisdictional bar to his lawsuit. It is instead whether there was a sale at all. Even the defendants concede that both the district court and this court have jurisdiction to determine that question. That is why the defendants urged the district court to focus on the timeliness of Doss's response, rather than its jurisdiction.

We therefore move on to the question of appellate jurisdiction. As we noted earlier, the district court's order dismissing Doss's case was "without prejudice." Normally, "a dismissal without prejudice is not a final order for purposes of appellate jurisdiction under 28 U.S.C. § 1291." *Kaba v. Stepp,* 458 F.3d 678, 680 (7th Cir. 2006). We have gone so far as to say that dismissals without prejudice are "canonically non-final." *Id.*, quoting *Glaus v. Anderson,* 408 F.3d 382, 385 (7th Cir. 2005), in turn quoting *Am. States Ins. Co. v. Capital Assoc. of Jackson County,* 392 F.3d 939, 940 (7th Cir. 2004). Doss's case, however, falls within the recognized exceptions to that canonical non-finality: first, reading the district court's orders as a whole, we have no doubt that the district court was finished with this case once and for all; and second, any new action that Doss might try to bring would be barred by the three-year statute of repose by this time. We thus conclude that we have appellate jurisdiction notwithstanding the language in the district court's order.

## III

Assured of our jurisdiction, we are now ready to turn to the merits. We review the district court's dismissal for

failure to state a claim *de novo,* accepting as true all of the factual allegations contained in the complaint. *Segal v. Geisha NYC LLC,* 517 F.3d 501, 504 (7th Cir. 2008). "We may affirm the dismissal only if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007), which quoted *Twombly, supra,* 550 U.S. at __, 127 S.Ct. at 1974. The Supreme Court's decision in *Erickson v. Pardus,* 127 S.Ct. 1955, 2197 (2007), put to rest any concern that *Twombly* signaled an end to notice pleading in the federal courts. And nothing in *Twombly* or *Erickson* changed the rules under which a party making a motion under FED. R. CIV. P. 12 is entitled to rely on new evidence, documentary or otherwise.

The district court's principal mistake was in thinking that it was entitled to rely on the deed of sale attached to the defendants' Rule 12(b)(6) motion, in the course of adjudicating that motion. Whether or not the deed was the kind of document for which judicial notice was proper—a point to which we turn in a moment—there is no doubt that it was a "matter outside the pleadings," within the meaning of Rule 12(d). That rule says that if "matters outside the pleadings are presented to and not excluded by the court, the motion [under Rule 12(b)(6) or Rule 12(c)] must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." If the district court had followed the instructions in Rule 12(d), then Doss would have had an opportunity both to present and to support his asser-

tion that the deed was not what it appeared to be. The district court would have seen that there were issues of material fact that had to be resolved, and the case would have continued before the district court.

Although there exists a narrow exception to the Rule 12(d) instructions that permits a district court to take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment, the district court erred in thinking that the deed was a proper subject for judicial notice. See *General Electric Capital Corporation v. Lease Resolution Corporation*, 128 F.3d 1074, 1080-81 (1997). Statements in documents affecting an interest in property do fall within an exception to the hearsay rule, see FED. R. EVID. 803(15), but we do not see how, when the defendants *proposed* the deed for judicial notice, the court could have found that it was "not subject to reasonable dispute" within the meaning of FED. R. EVID. 201(b) once Doss filed his response. Judicial notice "merits the traditional caution it is given, and courts should strictly adhere to the criteria by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *General Electric Capital Corporation,* 128 F.3d at 1081. It takes more than an exception to the hearsay rule, in other words, to justify judicial notice.

We could go on, but this is enough to show that the judgment of the district court dismissing Doss's TILA claims must be reversed. The situation with respect to Franklin is more complex. The district court was mistaken to think that Franklin's motion to set aside the default judgment against it was moot. Rightly or wrongly,

however, the case ended with the default judgment against Franklin still in place. Franklin did not file a cross-appeal from that ruling, and so we are powerless to change it here. See *Greenlaw v. United States,* 128 S.Ct. 2559, 2564 (2008). (We express no opinion about any power the district court might have on remand to set aside the decision against Franklin.) The supplemental state theories under the Consumer Fraud Act must also be reinstated, since they were dismissed only because the predicate federal claim was no longer before the court. We have no need to address the defendants' complaints about Doss's effort to bring the later Illinois proceedings to our attention, as they have played no part in our disposition of the case.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion. Circuit Rule 36 shall apply on remand.