798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald R. KOSTYU, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY; R.F. Hanna; J. Haine; T. Egan;
Taisha Turner; Bruce Settel; and R.S. Barmore,
Defendants-Appellees.
 No. 85-1207.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1986.
 
 Before KENNEDY and BOGGS, Circuit Judges, BROWN, Senior Circuit Judge./
 
 ORDER
 
 1
 The plaintiff appeals the order granting summary judgment to the defendants and dismissing this taxpayer's civil rights action. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is -not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is an employee of the defendant Ford Motor Company. In 1982, he submitted a Form W-4 claiming he was exempt from federal income tax withholding. Upon review, the Internal Revenue Service (IRS) concluded the claimed exemption was incorrect and directed Ford to resume withholding of federal income taxes from the plaintiff's wages. At a later time, however, Ford discontinued such withholding after the plaintiff submitted another Form W-4, again claiming exemption. Meanwhile, the IRS assessed a $500 civil penalty against the plaintiff and eventually levied against the plaintiff's wages. Ford complied with the levy and once again resumed withholding federal income taxes from the plaintiff's wages. The plaintiff then filed this action under 42 U.S.C. Sec. 1983 against Ford, three of Ford's payroll officers, and three IRS employees. The complaint contained five claims:(1) the Ford defendants unlawfully took plaintiff's property; (2) the IRS defendants denied the plaintiff due process of law; (3) the defendants infringed his freedom of speech by taking the above actions in retaliation for his membership in "We the People Act"; (4) the defendants conspired to annoy and harass the plaintiff; and (5) the plaintiff was entitled to the return of all monies withheld from his wages . For relief, the plaintiff sought compensatory and punitive damages, an injunction enjoining further withholdings from his wages, and the return of monies already withheld. The Ford defendants moved for summary judgment and the IRS defendants moved for dismissal.
 
 
 3
 Following a hearing, the district court granted the above motions on the following grounds: (1) the IRS defendants were entitled to absolute immunity; (2) the action was in reality one to enjoin the collection of federal income taxes and thus barred by the Anti-Injunction Act, 26 U.S.C. Sec. 7421(a); (3), the United States was an indispensable party; and (4) the complaint stated no cause of action against the Ford defendants who acted as "statutory stakeholders" for the IRS. This appeal followed.
 
 
 4
 Although the district court relied upon the four grounds listed above in disposing of this action, this Court may affirm the judgment below if it is correct for any reason. Russ' Kwik Car Wash v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985).
 
 
 5
 We observe initially the lack of state action which would provide jurisdiction for this action under Sec. 1983. The defendants are federal officials and private parties carrying out federal income tax policies. See Edgar v. Inland Steel Co., 744 F.2d 1276, 1278 (7th Cir.1984); Zernial v. United States, 714 F.2d 431, 435 (5th Cir.1983); Campbell v. Amax Coal Co, 610 F.2d 701 (10th Cir.1979). Even if jurisdiction were found, however, the claims raised by the plaintiff have been reviewed and rejected by several Courts of Appeals. See Maxfield v. USPS, 752 F.2d 433 (9th Cir.1984); Edgar v. Inland Steel Co., supra; Zernial v. United States, supra; Robinson v. A & M Electric, Inc., 713 F.2d 608 (10th Cir.1983); Stonecipher v. Bray, 653 F.2d 398 (9th Cir.1981), cert. denied, 454 U.S. 1145 (1992); Beerbower v. United States, 592 F.Supp. 67 (E.D.Mich.1984), aff'd without opinion, --- F.2d ---- (6th Cir. March 14, 1986).
 
 
 6
 We note the district court found the IRS defendants entitled to absolute immunity from liability in this action. Although federal officials have absolute immunity as to common law torts, they are entitled only to qualified immunity as to alleged constitutional or statutory torts. Strothman v. Gefreh, 739 F.2d 515 (10th Cir.1984). See also Cameron v. IRS, 773 F.2d 126 (7th Cir.1985); Hall v. United States, 704 F.2d 246, 249-51 (6th Cir.), cert. denied, 464 U.S. 1002 (1983). We affirm the district court, since we find no constitutional violation.
 
 
 7
 Here, the plaintiff asserts the IRS defendants (1) denied him due process of law by not affording him a hearing prior to determining he was not entitled to the claimed exemption from income tax withholding, (2) violated 26 U.S.C. Sec. 6331(a) by levying against his wages within ten days of the IRS notice and demand for payment, and (3) harassed him as to the payment of taxes. None of these claims have merit.
 
 
 8
 Taxpayers have no constitutional right to a hearing prior to the IRS' denial of withholding exemption status. Stonecipher v. Bray, supra, 653 F.2d at 403. Cf. Boday v. United States, 759 F.2d 1472, 1475 (9th Cir.1985). The notice and demand which appears to have been sent less than ten days before the levy was actually the third, the first notice and demand having been sent seven months previously. We conclude the plaintiff had adequate notice of the IRS' demand for purposes of Sec. 6331(a) and suffered no denial of due process as a result. Finally, general claims of harassment do not rise to a constitutional tort claim. See Cameron v. IRS, supra.
 
 
 9
 Finally, we conclude the district court did not abuse its discretion in not permitting the plaintiff to amend his complaint. The plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make.
 
 
 10
 Accordingly,
 
 
 11
 It is ORDERED that the district court's judgment for the defendants, entered on January 30, 1985, be and it hereby is affirmed with the modifications noted above. Rule 9(d)(3), Rules of the Sixth Circuit.