Leslie K. SPENCE, Plaintiff–Appellant,

v.

TRW, INC., Defendant–Appellee.

No. 95–1265.

United States Court of Appeals,
Sixth Circuit.

Argued and Submitted
April 29, 1996.

Decided Aug. 13, 1996.

Leslie K. Spence (briefed), Detroit, MI, for Plaintiff–Appellant.

Sidney L. Frank (argued), Victoria M.W. Jensen (briefed), Frank & Stefani, Troy, MI, for Defendant–Appellee.

Before: NELSON and BATCHELDER, Circuit Judges; McKEAGUE, District Judge.*

* The Honorable David W. McKeague, United States District Judge for the Western District of

PER CURIAM.

This is an appeal from a summary judgment for the defendant in a case brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* Concluding, upon *de novo* review of the record, that the defendant was entitled to prevail as a matter of law, we shall affirm the judgment.

## I

The plaintiff, Leslie K. Spence, alleged in the first three counts of his complaint that defendant TRW, Inc., a credit reporting agency, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in a certain residential mortgage credit report released by TRW on September 12, 1992. Count IV of the complaint alleged that TRW violated § 1681b by furnishing a copy of the report to Michigan Consolidated Gas Company ("MichCon") under circumstances not authorized by law. The fifth and final count alleged that TRW violated § 1681c(4) by including in the report information on an account (the same one the accuracy of which was challenged in Count I) placed for collection more than seven years before the release of the report.

The account addressed in Counts I and IV of the complaint showed an indebtedness of $461 to Detroit's Mount Carmel Mercy Hospital. The charge was for hospital services provided to Mr. Spence after an automobile accident in which he was involved in 1984. Although Mr. Spence contended that the debt was the responsibility of his insurance carrier, he never resolved the matter with the hospital. When the United Bureau of Credits ("UBC"), a collection agency hired by the hospital, was unable to collect the $461 from Mr. Spence, it reported the item as past due to the Trans Union Corporation, another credit reporting agency. TRW, which was first apprised of this past-due item in June of 1990, included it in the 1992 mortgage credit report.

Michigan, sitting by designation.

The second and third of the allegedly inaccurate items in the report reflected debts to MichCon in the amounts of $59 (past-due as of May 1991) and $52 (past-due as of March 1992). These sums were allegedly owed by Mr. Spence pursuant to an "Authorization to Continue Gas Service" that he had executed for rental properties he owned in Detroit. When gas bills on the rental properties went unpaid, MichCon discontinued service—as was its right—and reported the unpaid accounts to TRW. (The $59 bill was ultimately paid, and the credit report so indicates. The $52 bill was charged off and has never been paid.)

In August of 1992 Mr. Spence sued TRW, Trans Union, and UBC in a Michigan state court for false light invasion of privacy and defamation with regard to the $461 hospital obligation and the $59 MichCon bill. Mr. Spence contended that neither item should have been reported or listed.

The state trial court granted defense motions for summary disposition, finding Mr. Spence's claims frivolous. The Michigan Court of Appeals affirmed that judgment on March 20, 1994, and the Michigan Supreme Court subsequently denied leave to appeal. In the present federal case the district court determined, on motion for summary judgment, that the claims set forth in Counts I and II of the federal complaint were barred by collateral estoppel. With respect to the remaining claims, summary judgment was entered for TRW on other grounds. After denial of a motion for reconsideration, Mr. Spence perfected a timely appeal.

## II

█ It is well established, under the doctrine of collateral estoppel, that once an issue of fact has been actually litigated and necessarily determined by a court of competent jurisdiction, the resolution of the issue is conclusive in a subsequent suit involving a party to the prior litigation. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Kaufman v. Seidman,* 984 F.2d 182, 184 (6th Cir.1993). And a federal court must give a state-court judgment the same preclusive effect it would be given under the law of the state in which

the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). The district court applied the following statement of Michigan's law of collateral estoppel:

"Under Michigan Law, 'collateral estoppel will bar the relitigation of issues actually litigated and determined in the first suit where there is "substantial identity" of parties.'.... When, in an earlier proceeding, a material issue directly involved in the proceeding has been resolved against a party, Michigan law prevents the losing party from relitigating that issue in a subsequent action." *Marino v. McDonald,* 611 F.Supp. 848, 854 (E.D.Mich.1985) (citations omitted).

█ Mr. Spence does not challenge this standard. He contends that the district court misapplied the collateral estoppel doctrine, however, the state courts not having had occasion to adjudicate any claim under the Fair Credit Reporting Act. But the state courts did determine one of the central issues of fact raised in Counts I and II of the federal complaint: the state courts found that the statements regarding the debts subsequently addressed in those counts were accurate. A showing of inaccuracy is an essential element of a claim under the Fair Credit Reporting Act. *Guimond v. Trans Union Credit Information Co.,* 45 F.3d 1329, 1333 (9th Cir.1995); *Henson v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir.1994); *Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151, 1156 (11th Cir.1991); *Whelan v. Trans Union Credit Reporting Agency,* 862 F.Supp. 824, 829 (E.D.N.Y.1994). Mr. Spence could not prevail on the claims asserted in either Count I or Count II without proving that the information in question was inaccurate, and the state court proceedings foreclosed him from doing so.

## III

█ The $52 MichCon debt dealt with in Count III of the federal complaint was not involved in the state court proceedings, so the claim set forth in Count III is not barred

by collateral estoppel. The claim is nonetheless without merit.

 Section 1681e(b) mandates that agencies preparing consumer reports "shall follow reasonable procedures to assure maximum possible accuracy of the information...." This section does not impose strict liability for inaccurate entries in consumer reports; the preparer is held only to a duty of reasonable care. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir.1991); *Thompson v. San Antonio Retail Merchants Assoc.*, 682 F.2d 509, 513 (5th Cir.1982). The exercise of reasonable care is determined by reference to what a reasonably prudent person would do under the circumstances. *Bryant v. TRW, Inc.*, 689 F.2d 72, 78 (6th Cir.1982).

In the situation presented here Mr. Spence neither paid the $52 bill nor informed TRW that the bill was being disputed. If the accuracy of an item of information contained in a consumer credit file is disputed by the consumer, the statute contemplates that the consumer will convey this information to the reporting agency so that the agency can record the current status of the information. See 15 U.S.C. § 1681i(a). On the particular facts presented here, we hold as a matter of law that TRW did not violate its duty of reasonable care with respect to the $52 item.

## IV

 Under 15 U.S.C. § 1681b(3)(E), "[a] consumer reporting agency may furnish a consumer report ... [t]o a person which it has reason to believe ... has a legitimate business need for the information in connection with a business transaction involving the consumer." MichCon asked TRW for a copy of the residential mortgage credit report after Mr. Spence had sued MichCon for alleged false reporting of a past-due debt to TRW. The filing of the lawsuit obviously gave TRW reason to believe that MichCon had a "legitimate business need" for the report, such a need having arisen in connection with the preparation of MichCon's defense to the lawsuit. See *Ippolito v. WNS, Inc.*, 864 F.2d 440, 450–452 (7th Cir.1988), *cert. dismissed,* 490 U.S. 1061, 109 S.Ct. 1975, 104 L.Ed.2d 623 (1989); *Matthews v. Worthen* Bank & Trust Co., 741 F.2d 217, 219 (8th Cir.1984). TRW did not violate § 1681b in furnishing the report to MichCon.

## V

 When the $461 hospital debt was reported to TRW in June of 1990, TRW did not know that the debt had been placed for collection five years earlier. When TRW released its residential mortgage credit report on September 17, 1992, the placement of the debt for collection antedated the report by more than seven years. Again, however, TRW was unaware of this fact.

If Mr. Spence had "directly conveyed" to TRW the pertinent information on when the hospital debt had been placed for collection (see 15 U.S.C. § 1681i(a)), TRW would presumably have deleted the item as obsolete pursuant to § 1681c(a)(4). Mr. Spence failed to do so, however,[1] and on the facts presented we are satisfied that this failure was fatal to the claim asserted in Count V of the complaint.

**AFFIRMED.**

---

1. Mr. Spence did send TRW a communication dated June 2, 1992, in which he demanded reinvestigation of "any and all negative entries contained in my credit report." This was simply not sufficient to put TRW on notice that the hospital item was obsolete.