Jimmy L. DICKENS, Plaintiff–
Appellant,

v.

TRANS UNION CORPORATION,
Defendant–Appellee.

No. 00–5605.

United States Court of Appeals,
Sixth Circuit.

Aug. 23, 2001.

Before MOORE and COLE, Circuit Judges; and ROSEN, District Judge.*

## OPINION

COLE, Circuit Judge.

Plaintiff–Appellant Jimmy L. Dickens filed suit against Defendant–Appellee Trans Union ("Trans Union"), a consumer credit reporting agency, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Dickens appeals the grant of summary judgment in favor of Trans Union, assigning error to the district court's adoption of a "technical accuracy" approach to its analysis of his credit report and arguing that such an approach is unfair and did not view the evidence in the light most favorable to him. Dickens also assigns error to the district court's determination that it was unnecessary to determine whether the reinvestigation of his credit history was reasonable or whether Dickens incurred damages. For

the reasons that follow, we AFFIRM the judgment of the district court.

## BACKGROUND

In 1995, Dickens's daughter applied for a car loan with Bank One of Kentucky ("Bank One"), and Dickens co-signed her loan application. In 1996, the daughter filed for bankruptcy, and the money she owed on the car loan was "charged off" as a bad debt. In August 1997, Dickens applied for a credit card through Bank One's credit department. In a letter dated October 8, 1997, Bank One denied Dickens's application based on a credit report it had received from Trans Union. Bank One's letter to Dickens stated:

> Your application was evaluated through an automated credit scoring system which evaluates creditworthiness primarily by scoring the key attributes of an applicant. Numeric values are assigned to the information provided on your application, payment histories, established credit and data contained in your credit bureau file. Your application did not score a sufficient number of points for approval because of the following reason(s):
>
> . BANKRUPTCY

The Trans Union credit report relied upon by Bank One's credit department did not state that Dickens himself had filed for bankruptcy; rather, it read as follows:

| BANK ONE KY | # 93974151023284 | INSTALLMENT ACCOUNT |
| --- | --- | --- |
| INCLUDED IN BANKRUPTCY< | | AUTOMOBILE |
| UPDATED 08/97/ | BALANCE: $0 | PARTICIPANT ON ACCOUNT |
| OPENED 02/95 | MOST OWED: $4499 | PAY TERMS: 37 MONTHLY $154 |
| CLOSED 06/97 | | 49708143 |
| >STATUS AS OF 06/97: CHARGED OFF AS BAD DEBT< | | |

Upon receiving Bank One's denial-of-credit letter, Dickens wrote to Trans Union, requested a copy of the credit report, and filled out a reinvestigation form. Trans Union reinvestigated Dickens's disputed Bank One account, and Bank One verified

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

that the account had been reported accurately. Trans Union sent this reinvestigation and verification information to Dickens, indicating that the information was indeed accurate.

In April 1998, Dickens filed this action in federal court, alleging that the notation on Trans Union's credit report was inaccurate and that Trans Union's investigation procedures were insufficient to assure maximum possible accuracy. Although Dickens's complaint did not allege a violation of any specific section of the FCRA, the district court reasonably construed his complaint as implicating 15 U.S.C. § 1681e(b), which requires procedures to provide "maximum possible accuracy" for reports, and § 1681i, which requires that credit reporting agencies properly reinvestigate disputed information. Dickens also sought punitive damages under § 1681n.

The district court held that Dickens failed to carry his burden of establishing that Trans Union reported inaccurate credit information in violation of § 1681e(b) because the report was indeed accurate. The district court also determined that Trans Union fulfilled its duty to reinvestigate under § 1681i. Punitive damages for the willful violation of the statute were held to be moot as the statute was not violated. This appeal follows.

## DISCUSSION

### I. Standard of Review

We review a district court's decision to grant a motion for summary judgment de novo. *See Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir.1996). Summary judgment is appropriate when there exists "no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(c). "[T]he mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether the moving party has met its burden, the court must view the evidence in the light most favorable to the nonmoving party. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### II. Accuracy of the Credit Report

Section 1681e(b) of the FCRA, the section that penalizes promulgation of inaccurate reports, states:

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b).[1] Although a showing of inaccuracy is a required element of a claim under § 1681e(b), *see Spence v. TRW, Inc.,* 92 F.3d 380, 382 (6th Cir.1996), we also have recognized that:

liability does not flow automatically from the fact that a credit reporting agency ... reports inaccurate information. Instead, liability flows from failure to follow (1) reasonable procedures (2) to assure maximum possible accuracy of the information (3) concerning the individual about whom the information relates.... [T]he standard of conduct by which the trier of fact must judge the adequacy of (consumer reporting) agency procedures is what a reasonably prudent person would do under the circumstances.

---

1. Section 1681e(b) is often referred to as "section 607(b)" because it is the amended version of section 607(b) of the Consumer Credit Protection Act.

*Bryant v. TRW, Inc.*, 689 F.2d 72, 78 (6th Cir.1982) (internal quotation marks, citations, and alterations omitted). Thus, the FCRA does not impose strict liability for inaccuracies; rather, it requires reasonable care. *See Spence*, 92 F.3d at 383 (citing *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir.1991)). In *Cahlin*, a case relied upon by the district court as well as this Court in *Spence*, the Eleventh Circuit explained:

> [A] plaintiff has failed to carry his initial burden if a court finds that the information contained in a challenged credit report was accurate on its face, or, put somewhat differently, "technically accurate." That is, a credit reporting agency satisfies its duty under section 607(b) if it produces a report that contains factually correct information about a consumer that might nonetheless be misleading or incomplete in some respect.

*Cahlin*, 936 F.2d at 1156.

Here, Dickens does not dispute that the report was technically accurate, that he cosigned the loan for his daughter, that she incorporated the debt in her bankruptcy filing, and that the original lender reported the bankruptcy to Trans Union. Instead, he argues that the report was misleading because it contained the phrase "Included in Bankruptcy" without specifying that it was not Dickens who filed for bankruptcy, and because it listed the loan as "Charged Off as Bad Debt" without indicating that the loan later had been paid in full. In maintaining that the credit report was so misleading as to be inaccurate within the meaning of § 1681e(b), Dickens urges us to reject the "technical accuracy" approach adopted in *Spence* and *Cahlin*. We decline to do so.

■ Trans Union's report accurately reflected the information provided by the lender, and the evidence establishes that Bank One's credit department fully understood the meaning of Trans Union's report, *i.e.*, that Dickens did not file for bankruptcy himself, but rather, had co-signed on a loan that had been charged off in a bankruptcy proceeding. Dickens provides no evidence that the notation was mis-perceived by Bank One's credit department as his own bankruptcy. In fact, the actual credit report describes Dickens as a "participant on account," which accurately described his role as co-signer for a loan that was later charged off as bad debt. Although a lay person might not have understood the terminology used by Trans Union in its credit report, there is no question that Bank One understood Dickens's role in the bankruptcy proceeding. Thus, Dickens's mere speculation that the notation was misleading, without more, is insufficient as a matter of law to establish a prima facie case of inaccuracy in violation of § 1681e(b).

## II. Sufficiency of the Reinvestigation

Dickens also asserts that Trans Union is liable under 15 U.S.C. § 1681i for failing to adequately reinvestigate his allegations that there was a mistake in the report. Section 1681i states in relevant part:

> If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30–day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

15 U.S.C. § 1681i(a).

Although a showing of inaccuracy is an essential element of a § 1681e(b) claim, *see*

*Spence,* 92 F.3d at 382, it is unclear whether a showing of inaccuracy is required for § 1681i liability, *see Salei v. American Exp. Travel Related Services Co., Inc.,* 134 F.3d 372, 1997 WL 809956,*3 (6th Cir. Dec. 19, 1997) (unpublished) ("It is unclear whether [the credit reporting agency] could be liable for inadequate procedures in the absence of any inaccuracy on Salei's report. Even if a showing of inaccuracy is not a predicate to liability, damages would be almost impossible to prove without it ...."); *but see Cahlin,* 936 F.2d at 1160 ("[A] section [1681i] claim is properly raised when a particular credit report contains a *factual deficiency or error* that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry.") (emphasis added); *Whelan v. Trans Union Credit Reporting Agency,* 862 F.Supp. 824, 829 (E.D.N.Y.1994) ("[I]f the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary.") (internal quotation marks omitted).

■ Here, Trans Union reinvestigated Dickens's Bank One account via an electronically transmitted dispute verification form. Bank One verified that the account had been reported accurately, and Trans Union notified Dickens of the verification by sending him a file disclosure. Other than simply stating that Trans Union did not adequately and reasonably reinvestigate his dispute, Dickens points to nothing in the record to show that Trans Union's reinvestigation somehow fell short of the § 1681i's requirements. In fact, Dickens's argument with regard to § 1681i liability merely rehashes, and relies entirely upon, his claim that the information was inaccurate in the first place. Thus, this assignment of error is without merit.

## CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.