*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0155P (6th Cir.)
File Name: 02a0155p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

Nos. 00-1570/1578

ROSKAM BAKING COMPANY, INC.,

*Plaintiff-Appellant (00-1570)/ Cross-Appellee,*

*v.*

LANHAM MACHINERY COMPANY, INC.; APV CONSOLIDATED, INC.; APV BAKER COMPANY, INC.,

*Defendants-Appellees/ Cross-Appellants (00-1578).*

Nos. 00-1570/ 1578/2385

No. 00-2385

MAXIMO DOMINGUEZ, Personal Representative of the ESTATE OF JACQUELINE DEL CARMEN MEDINA, deceased,

*Plaintiff-Appellant,*

*v.*

1

LANHAM MACHINERY
COMPANY, INC.; APV
CONSOLIDATED, INC.; APV
BAKER COMPANY, INC.,
         *Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
Nos. 97-00212; 97-00213—Gordon J. Quist,
District Judge.

Argued:  March 8, 2002

Decided and Filed:  May 3, 2002

Before:  KENNEDY and BOGGS, Circuit Judges; and
COFFMAN, District Judge.[*]

_____

**COUNSEL**

**ARGUED:**  Michael J. Izzo, Jr., COZEN & O'CONNOR, Philadelphia, Pennsylvania, Steven L. Skahn, Grand Rapids, Michigan, for Appellants.  Mark H. Verwys, PLUNKETT & COONEY, Grand Rapids, Michigan, William O. Martin, Jr., HAIGHT, BROWN & BONESTEEL, Los Angeles, California, for Appellees.  **ON BRIEF:**  Michael J. Izzo, Jr., Robert M. Caplan, COZEN & O'CONNOR, Philadelphia, Pennsylvania, Steven L. Skahn, Grand Rapids, Michigan, for Appellants.  Mark H. Verwys, PLUNKETT & COONEY, Grand Rapids, Michigan, William O. Martin, Jr., HAIGHT,

---

[*] The Honorable Jennifer B. Coffman, United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation.

the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, implicit in this statement is that the district court must be able to determine whether "justice so requires," and in order to do this, the court must have before it the substance of the proposed amendment.  *See, e.g., Kostyu v. Ford Motor Co.*, No. 85-1207, 1986 WL 16190, at *2 (6th Cir. July 28, 1986) (concluding that the district court did not abuse its discretion in not permitting the plaintiff to amend his complaint, because "[t]he plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make.").

It is clear that if allowed to go forward with his new claim, Dominguez would have to allege additional facts to support gross negligence.  Dominguez submitted none of those facts to aid the court in deciding whether justice required the court to grant leave to amend.  The basis for Dominguez's proposed gross negligence claim was completely unclear to the district court, because Dominguez presented nothing more than a bare naming of that claim.  Accordingly, we can not hold that the court abused its discretion in denying Dominguez's motion to amend the court's judgment to allow him to file an amended complaint.

**III**

For the foregoing reasons, we AFFIRM the district court's dismissal of both cases.

occupancy of the completed improvement. Therefore, if Dominguez could state a claim for gross negligence and show that the injury occurred less than one year after the defect was or should have been discovered and less than ten years after the improvement was completed, his action would not be barred by the SOR. The district court denied Dominguez's motion and Dominguez appeals that denial.

The district court noted that Dominguez had argued that he should be granted permission to amend his complaint in every brief filed with the court after APV raised the SOR defense. Dominguez argued that if the court found the SOR applicable, he should be able to amend his complaint to allege gross negligence in his initial brief in response to APV's motion to dismiss, in his surreply brief to the same motion, in his brief in response to APV's motion for reconsideration, and in his brief regarding the SOR's applicability after the court granted APV's motion to reconsider.

However, the district court stated that none of these requests to amend his complaint were properly before the court, because Dominguez had never filed a motion requesting leave to amend his complaint. Further, the court noted that Dominguez had never submitted a proposed amendment for the court to review, and he did not indicate what allegations his amended complaint would contain to support a claim of gross negligence. The court cited case law to support the propositions that filing a motion for leave to amend is the proper method for requesting such leave and that the court must be provided with a proposed amended complaint or at least the substance of the proposed amendment.

Fed. R. Civ. P. 15(a) states that "leave [to amend] shall be freely given when justice so requires." As the Supreme Court has pointed out:

In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of

BROWN & BONESTEEL, Los Angeles, California, for Appellees.

_____

**OPINION**

_____

BOGGS, Circuit Judge.    Roskam Baking Company ("Roskam") and Maximo Dominguez appeal the district court's grant of motions to dismiss Roskam's and Dominguez's diversity suits against Lanham Machinery Company, Inc., APV Consolidated, Inc., and APV Baker Company, Inc. ("APV") seeking damages resulting from a fire allegedly caused by APV's negligent installation of a baking oven. More than two years after Roskam and Dominguez separately filed suit, and after extensive motion practice and discovery, APV filed a motion in each case seeking dismissal on the basis that the action was barred by MCL § 600.5839(1), the Michigan statute of repose applicable to architects, engineers, and contractors who undertake improvements to real property (the "SOR").[1] The district judge initially denied APV's motion in both cases, holding that the statute was an affirmative defense that was waived when it was not raised in APV's first responsive pleading. However, on reconsideration, the judge reversed himself in both cases and held that the defense offered by the statute was not waived because the statute serves to extinguish a cause of action before it accrues. Therefore, the court held that if the

_____

[1]MCL § 600.5839 reads in pertinent part:
(1) No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement . . . .

statute applied to their cases, Roskam and Dominguez had failed to state a claim upon which relief can be granted, and failure to state a claim is a defense that is not waived by failure to assert it in the party's responsive pleading. With respect to Roskam, the court held that the issue of whether the statute applied to the circumstances at bar was decided on the merits in the affirmative in a parallel state court action involving the same parties and occurrence and that the state court's conclusion was binding on the court by issue preclusion. Accordingly, the district court granted APV's motion to dismiss.

Dominguez, however, had not been a party to the state court suit, so the district court held that issue preclusion did not apply to him. Therefore, the court ordered the parties to submit briefs on the issue of applicability of the SOR and a joint stipulation of facts from which the court could decide whether the SOR applied. The court also conducted a site visit to Roskam's newly rebuilt facility. On the basis of these items, the court held that the SOR did apply to the cause of action filed by Dominguez and accordingly dismissed that suit as well.

Roskam and Dominguez appeal to this court from the dismissal of their respective suits. Dominguez also, in the alternative, appeals the district court's denial of his motion to amend the court's judgment to allow him to amend his complaint in order to state a claim not affected by the SOR. APV cross-appeals the district court's denial of several of its earlier motions in the *Roskam* case, which become relevant in the event that this court reverses the district court on the SOR issue. For the reasons that follow, we affirm the district court's dismissal of both cases.

## I

Roskam owns and operates several commercial bakeries in Grand Rapids, Michigan and counts among its customers the Kellogg Company. On March 1, 1996, a fire destroyed

extensive discovery took place, with both parties taking numerous depositions and exchanging vast numbers of photographs and documents. APV filed its motion raising the SOR on November 2, 1999. Roskam filed in the state court a motion in opposition, and the court heard the motion, along with others, during oral argument on December 3, 1999. The judge denied APV's motion at this time; however, after APV filed a motion for reconsideration, the state judge held a second oral argument on the motion. It was at the end of this second opportunity for oral argument that the judge made his decision, entering judgment against Roskam on the basis of the SOR. Therefore, Roskam had the opportunity for extensive discovery over the course of close to two years and the opportunity to argue the motion in a reply brief and at oral argument before the judge on two occasions. Further, the record does not disclose nor does Roskam contend that it ever requested a stay or additional discovery, or claimed that it was prejudiced by the timing of the motion. Accordingly, we reject Roskam's claim that it did not have a full and fair opportunity to litigate the issue decided by the state court.

Having held that APV did not waive its SOR defense by failing to raise it as an affirmative defense and that the Michigan court's determination that the SOR applied in the state case barred the district court from reconsidering the issue in the federal case, we affirm the district court's dismissal of Roskam's case. We, therefore, need not address APV's *Roskam* cross-appeal.

*Dominguez's Motion to Amend his Complaint*

After the district court issued its judgment dismissing Dominguez's complaint as barred by the SOR, Dominguez filed with the court a motion to amend its judgment to allow Dominguez to amend his complaint to allege gross negligence. The terms of MCL § 600.5839(1) state that a complaint seeking damages from gross negligence can be filed up to one year after the defect was discovered or should have been discovered, up to ten years after the time of

fulfilled in this case. However, it is clear to this court that all requirements for issue preclusion were fulfilled.

First, Roskam argues that the issue of the applicability of the SOR was not actually litigated in the state court, because the judge decided that the statute applied in the course of a summary disposition, rather than submitting it to the trier of fact. However, this argument is unavailing, as it is clear Michigan law permits preclusion of issues decided by a judge as part of a summary disposition. *See, e.g., City of Detroit v. Nortown Theatre, Inc.*, 116 Mich. App. 386, 392, 323 N.W.2d 411, 413-14 (Mich. Ct. App. 1982) (finding the related doctrine of *res judicata* to apply when the previous decision was a summary disposition, because "[a] judgment is considered to be a determination on the merits . . . even if the action was resolved by a summary or default judgment"); *see also Spence*, 92 F.3d at 382 (issue preclusion premised on Michigan court summary disposition).

Second, Roskam argues that issue preclusion should not attach to the state court's determination of SOR applicability because Roskam was not given a full and fair opportunity to litigate the issue in the state court. Roskam points out that APV filed its motion raising the SOR immediately before trial, that the court failed to hold an evidentiary hearing or hear witnesses, that there was little oral argument on the matter, and that the court had no factual basis for its decision. However, as the district judge pointed out when Roskam raised this argument to that court, the entire purpose of issue preclusion is to avoid the relitigation of decided issues; thus, Roskam's arguments that the state court judge did not provide for an evidentiary hearing or a thorough enough oral argument are better directed at the Michigan courts of appeal.

Still, it is clear that Roskam did have an opportunity to fully and fairly litigate the issue in question. APV first raised a possible statute of limitations or repose defense in its answer to Roskam's cross-complaint in December 1997. Close to two years then passed, during which – both parties agree –

Roskam's Butterworth Avenue bakery ("the bakery"). According to Roskam, investigators concluded that the fire was caused by spontaneous combustion of wooden planks in the bakery's ceiling, which combustion was caused by long-term heat exposure of the planks due to inadequate clearance between the ceiling and the intake opening of a commercial oven manufactured, sold, and positioned in the bakery by APV. Unbaked bread was fed into the oven by conveyor belt into the permanent intake opening at the top of the oven, and the baked bread left the oven through a similar opening at the bottom; Roskam alleges that heat escaping through the top opening led to the spontaneous combustion because the top of the oven was positioned less than one foot from combustible ceiling rafters. The oven had been installed in 1987-88 pursuant to a contract between Roskam and APV, under which APV sold the oven to Roskam and agreed to supervise Roskam employees in installing it. According to the contract, the price of the oven was $243,019 and Roskam paid a separate fee of $36,204 to APV for installation supervision.

On March 27, 1996, Trafford Park Insurance, Ltd. ("Trafford Park"), an insurer for Kellogg, filed a subrogation suit in Michigan state court against Roskam and APV, seeking damages for breach of contract and lost profits from cereal product not received due to the fire. Roskam and APV filed cross claims against one another for indemnity; Roskam sued APV for negligence and breach of contract, and APV sued Roskam for breach of contract. The state court disposed of the contract claims in favor of APV. However, the state court allowed Roskam's negligence claim to proceed, despite a motion for summary judgment by APV.

In January 1997, Roskam's insurer filed a subrogation suit against APV in state court, making similar allegations. In March 1997, Maximo Dominguez, the personal representative of Jacqueline Medina, filed suit in state court seeking damages from APV for the alleged wrongful death of Medina in the bakery fire. APV removed both cases to federal court based on diversity of citizenship and the cases were assigned

to the same judge.  In the Roskam case, APV moved for summary judgment on grounds similar to those it had asserted in the state court.  The district court agreed with the prior holding of the state court judge that Roskam's contract claim merited dismissal but that its negligence claim should survive.

Meanwhile, in November 1999, APV filed additional motions to dismiss in the still-pending state court case, including one claiming that operation of the SOR had extinguished Roskam's claims against APV before the fire. The state court heard these motions on December 3, 1999, just days before the scheduled start of trial in the case.  The state court found that the necessary factual elements existed, in that Roskam alleged damages for injury to property arising out of an improvement to real property, and Roskam was suing the contractor responsible for the improvement. However, the court at first declined to apply the statute, apparently believing that Roskam alleged its damages to have arisen not from the unsafe condition of the improvement, but from a failure to warn of a possible danger.  However, on reconsideration, the state court held that the statute was applicable, and accordingly entered judgment dismissing Roskam's complaint against APV on December 7, 1999.

On the same day that APV filed its motion asserting the applicability of the SOR in the state court action, it did the same in both federal court actions.  After the state court held that the SOR was applicable and dismissed Roskam's complaint on that basis, APV brought that decision to the district judge's attention in a reply brief in support of its motion.  On January 25, 2000, the district judge denied APV's motion in both cases on the basis that the SOR was an affirmative defense that was waived if not brought up in the defendant's answer.  However, upon APV's motion for reconsideration, the judge reversed himself.  The judge held that under Michigan law the SOR serves to extinguish a cause of action before it accrues, and that a defense based on the SOR is therefore an argument that the plaintiff has failed to

Roskam's claims against APV for damages resulting from the fire had been extinguished before they accrued.[2]

In arguing that issue preclusion should not attach to the findings of the state court, Roskam primarily challenges the sufficiency of the state court proceedings as a whole  rather than challenging the court's findings with respect to individual requirements for SOR applicability. Still, it should be noted that, as the district court in this case pointed out, the state court did in fact find each requirement to exist in its oral opinion of December 6, 1999.  The court found that APV was a covered person for purposes of the statute, that the oven was an improvement to real property, and that APV's cause of action arose out of the defective and unsafe condition of the improvement.

A federal court must give a state court judgment the same preclusive effect it would be given under the law of the state in which the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996).  There are three requirements for issue preclusion in Michigan:  (1) the issue of fact or law must have been actually litigated and decided in (2) a prior action between the same parties, where (3) the issue was necessary to the judgment.  *See Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 461-62 (6th Cir. 1999).  For issue preclusion to apply in federal court, a fourth requirement must also be present: the issue must have been fully and fairly litigated in the state court. *Id.* at 461.  Roskam contends that neither the first nor the fourth requirement was

---

[2]Roskam argues that by relying on issue preclusion to find that the statutory prerequisites for the SOR existed, the district court effectively allowed APV to offer a collateral estoppel affirmative defense without pleading it as required by Rule 8(c).  However, this argument fails because APV was not offering a collateral estoppel defense, but stating that Roskam could not state a valid claim due to the SOR.  The issue of whether the SOR was applicable was merely precluded from relitigation by issue preclusion.

at 341. A statute of limitations focuses on time measured from an injury; a statute of repose rests on the time from some initiating event unrelated to an injury. That Dominguez may view this distinction as anomalous is not something that this court can remedy.

Because the SOR, as raised in this case, is by all indications not a waivable affirmative defense under Michigan law, the district court correctly held that, in the present case, the Michigan SOR was not an affirmative defense governed by Rule 8(c) and could therefore be brought in a later 12(b)(6) motion.

### Issue Preclusion in Roskam's Case

Roskam contends that even if the district court was correct in holding that APV did not waive its SOR defense by failing to comply with Rule 8(c), the court still erred in finding that the statutory prerequisites to coverage by the SOR existed in this case.

The parties do not dispute that in order for the SOR to apply, (1) six years must have elapsed between the installation of the oven and the fire allegedly caused by its improper installation, (2) APV must have been acting as a contractor, (3) the installation of the oven must have been an improvement to real property, and (4) the defective and unsafe condition of the improvement must have given rise to Roskam's cause of action. The district court wrote that there was no genuine issue of material fact as to when the oven was installed or when the fire occurred; more than six years had clearly elapsed. The court then noted that the state court in *Trafford Park* had found on the merits the remaining facts needed for applicability of the SOR; accordingly, the district court held that it was bound by issue preclusion to hold that

state a cause of action upon which relief can be granted, which can be raised at any time.

In Roskam's case, the district judge went on to hold that the applicability of the SOR had been decided on the merits in the state court action and that the issue was therefore precluded from further consideration. Accordingly, the district court granted APV's motion to dismiss for failure to state a claim, treating it is a motion for summary judgment because matters outside the pleadings were presented to the court. Roskam appeals the dismissal of its action to this court. For its part, APV cross-appeals the district court's denial of several of its earlier motions, in the event that this court overturns the district court on the SOR issue.

In Dominguez's case, the court undertook the consideration described above and issued an order granting APV's motion to dismiss on August 23, 2000. The court issued a judgment dismissing the case on August 28, 2000. Dominguez then filed a motion to amend the court's judgment in order to allow him to amend his complaint to allege gross negligence, a claim that would not be barred by the SOR. *See* MCL § 600.5839(1). The district court denied that motion, and Dominguez appeals to this court both the court's dismissal of his action and its denial of his motion to amend his complaint.

## II

### The Nature of MCL § 600.5839(1)

The district court in these cases initially held that the SOR was an affirmative defense, like a statute of limitations, subject to FED. R. CIV. P. 8(c), and that APV had waived the defense by not raising it in its answer. On reconsideration, however, the court looked to Michigan case law discussing the SOR and determined that under Michigan law the SOR, rather than operating as a statute of limitations in this case, operated to prevent Roskam's and Dominguez's causes of action from arising in the first place. As a result, the court held that APV properly raised the SOR in each case in a Rule

12(b)(6) motion for failure to state a claim upon which relief can be granted, which can be raised in the pleadings, in a motion for summary judgment, or at trial on the merits. *See* FED. R. CIV. P. 12(h)(2) ("A defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.").

In challenging the district court's holding, Roskam argues that, regardless of the nature of the defense under Michigan law, the SOR is exactly the type of defense of "avoidance or affirmative defense" facially covered by Rule 8(c). FED. R. CIV. P. 8(c). As such, Roskam contends, the SOR must be raised in the defendant's answer, in accordance with the dictates of Rule 8(c); since it was not, Roskam argues that APV waived its SOR defense.

To support its argument, Roskam first contends that the operation of the SOR illustrates that it is a defense of "avoidance" and is therefore covered by Rule 8(c). Roskam explains that the SOR allows a defendant to admit all of the allegations in a plaintiff's complaint, but then proffer a reason why the plaintiff still can not recover. According to Roskam, the SOR is therefore a defense of avoidance and must be covered by Rule 8(c).

This argument is not helpful, because the fact that the SOR *can* be interpreted to operate as a defense of avoidance does nothing to tell us whether it *should* be so interpreted. In fact, the district court in this case and other courts have just as persuasively interpreted statutes of repose as depriving plaintiffs of the ability to state a claim, thereby making the SOR an appropriate basis for a 12(b)(6) motion. *See, e.g., Hayes v. General Motors Corp.*, No. 95-5713, 1996 WL 452916 (6th Cir. Aug. 8, 1996) (holding that a Tennessee product-liability statute of repose was properly raised in a Rule 12(b)(6) motion); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.*, 489 A.2d 413 (Del. 1985) (holding that a Delaware statute similar to the SOR in this case was not

procedural rights; however, nowhere in *O'Brien* does the Michigan Supreme Court discuss procedural versus substantive defenses. In fact, the *O'Brien* court quoted approvingly language from the New Jersey Supreme Court that the effect of the statute it was reviewing was "to define substantive rights." *O'Brien*, 299 N.W.2d at 341 n.19.

For his part, Dominguez advances two reasons that the SOR should be read to be an affirmative defense under Michigan law. First, Dominguez contends that the SOR fits into the definition of an affirmative defense set out by the Michigan Court Rules and therefore should be deemed such by this court. In particular, Dominguez notes that MCR 2.111(F)(3) includes within the heading "Affirmative Defenses" "a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part," and "a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise." Dominguez argues that the SOR seeks to avoid the legal effect of his claim and would be likely to take a plaintiff by surprise, and therefore should be deemed an affirmative defense under Michigan law. This argument, however, is unhelpful in the same manner as Roskam's argument that the SOR is a defense of "avoidance" and is therefore facially covered by FED. R. CIV. P. 8(c); the mere fact that the SOR *can* be interpreted to fit within the words of the definition does not help determine whether it therefore *should* be so interpreted.

Dominguez's second argument is similarly unpersuasive. He claims that it would lead to absurd results to interpret the SOR as a statute of limitations (and thus an affirmative defense that is waived if not raised in the responsive pleading) in some cases and as a statute of repose (and not an affirmative defense and accordingly not waivable) in others. Although Dominguez may find this result odd, it flows naturally from the long standing and much cited interpretation by the Michigan Supreme Court in *O'Brien* of the SOR as "one of limitation and one of repose." *O'Brien*, 299 N.W.2d

repose for improvements to real property. That court's reasoning is on point and therefore persuasive, because in holding that the Delaware statute is not a waivable affirmative defense, the Delaware court relied precisely on the fact that the statute in question extinguished the plaintiff's cause of action before it accrued. The court wrote:

> While the running of a statute of limitations will nullify a party's remedy, the running of a statute of repose will extinguish both the remedy and the right. The statute of limitations is therefore a procedural mechanism, which may be waived. On the other hand, the statute of repose is a substantive provision which may not be waived because the time limit expressly qualifies the right which the statute creates.

*Cheswold Volunteer Fire Co.*, 489 A.2d at 421. Given the fact that the Michigan Supreme Court has characterized the SOR similarly, it appears likely that it would hold similarly that the SOR, when operating as a statute of repose, is not a waivable affirmative defense.

None of Roskam's or Dominguez's arguments to the contrary are persuasive. For instance, Roskam points out that the Michigan Court of Appeals has written, in the context of a choice of law question, that the SOR "affect[s] only procedural rights . . . . [i]t does not impair substantive rights." *Cliffs Forest Products Co. v. Al Disdero Lumber Co.*, 144 Mich. App. 215, 226, 375 N.W.2d 397, 402 (Mich. Ct. App. 1985). Roskam posits this as evidence that the Michigan courts view the SOR as merely a procedural defense that blocks a cause of action, rather than a substantive statute that extinguishes a cause of action before it accrues. However, a lower state court's interpretation of a state statute does not control over that of the state Supreme Court, and the Michigan Supreme Court in *O'Brien* clearly held that the SOR extinguished the substantive cause of action. Indeed, the Michigan Court of Appeals in *Cliff's Forest Products Co.* cites the *O'Brien* case for the proposition that the SOR affects

waived by the defendant's failure to plead it as an affirmative defense).

Next, Roskam asserts that the district court erred in looking to Michigan law in order to discern the proper nature of the SOR, because the Federal Rules of Civil Procedure, rather than state law, dictate the procedures by which defenses must be asserted in federal court. Roskam asserts correctly that in federal court, federal procedural rules must be applied even if they differ from otherwise applicable state rules and even if the difference is outcome determinative. However, Roskam mischaracterizes the question dealt with by the district court in this case – namely, which of two different *federal* rules to apply – Rule 8(c) or 12(b)(6). In order to answer this question, the district court properly looked to Michigan law to determine how MCL § 600.5839 operates. If it operates as an affirmative defense, then it would have had to be raised in APV's answer and it was waived in this case. However, if it operates to prevent a claim from arising in the first place, then Rule 12(b)(6) applies, as it could leave Roskam unable to state a claim against APV.

Cases from other circuits make clear that the district court was correct in this case to look to Michigan state law to determine whether or not the SOR is an affirmative defense for the purposes of Rule 8(c). *See, e.g., Troxler v. Owens-Illinois, Inc.* 717 F.2d 530, 532 (11th Cir. 1983) (holding in a diversity case that "[d]etermining whether a contention is an affirmative defense for rule 8(c) purposes is a matter of state law."); *Morgan Guaranty Trust Co. v. Blum*, 649 F.2d 342, 344 (5th Cir. 1981) ("In diversity of citizenship actions, state law defines the nature of defenses, but the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs."); *cf. Hayes v. General Motors Corp.*, No. 95-5713, 1996 WL 452916, at *4 (6th Cir. Aug. 8, 1996) (though not deciding a Rule 8(c) issue, the court looked to a Tennessee state case to determine the nature of a state statute of repose in order to decide a different waiver issue).

Having determined that the district court properly looked to Michigan law to determine how to treat the SOR, this court must now review the district court's holding that Michigan law reads the SOR as preventing a cause of action from ever arising and should therefore not be waivable as a mere affirmative defense.

Roskam correctly points out that no Michigan case has ever specifically addressed the issue of how to interpret the SOR with respect to waiver. Apparently recognizing this, the district court relied on a Michigan Supreme Court case discussing the SOR in another context in order to discern its nature.

In *O'Brien v. Hazelet & Erdal*, 410 Mich. 1, 299 N.W.2d 336 (1980), the Michigan Supreme Court examined the SOR to determine whether it violated the plaintiffs' due process rights by barring a cause of action before the elements of the cause of action were present. In holding that the SOR was constitutional, the court reasoned that the SOR operates as both a statute of limitations and a statute of repose. *Id.* at 341. If the injury occurs during the six-year period provided for by the statute, it operates as a statute of limitations; however, if the injury occurs after the six-year period, the statute operates as one of repose. *Ibid.* When operating as a statute of repose, the Michigan Supreme Court held that "the statute prevents a cause of action from ever accruing." *Ibid.* Accordingly, the court held, a "plaintiff is not *deprived* of a right to sue a state-licensed architect or engineer because no such right can arise after the statutory period has elapsed." *Ibid*. (emphasis added).

The district court in this case quoted the language above for the proposition that, in cases where the injury occurs outside the statutory time period, the effect of the SOR under Michigan law is to prevent a cause of action from ever accruing in the first place. The district court then went on to quote language from the New Jersey Supreme Court, which the Michigan Supreme Court had quoted approvingly, to the

effect that when the SOR applies, "[t]he injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria* – a wrong for which the law affords no redress." *Id.* at 341 n.19 (quoting *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 199-200, 293 A.2d 662, 667 (1972)) (emphasis in original). While recognizing that the question of whether the SOR is an affirmative defense was not before the Michigan Supreme Court in *O'Brien,* the district court asserted that the language of *O'Brien* makes it clear that under Michigan law the SOR – rather than providing an affirmative defense to a cause of action – serves to extinguish the cause of action before it ever accrues.

Michigan's Court Rules, which are analogous to the Federal Rules of Civil Procedure, provide some support for the district court's holding. A subsection of the Rules entitled "Affirmative Defenses" requires that affirmative defenses be stated in a party's responsive pleading lest they be waived, and provides a non-exclusive list of such defenses. *See* MCR 2.111(F)(3) ("Affirmative defenses must be stated in a party's responsive pleading"); MCR 2.111(F)(3)(a) (listing affirmative defenses, including a statute of limitations). However, the defense of "failure to state a claim on which relief can be granted" is discussed in a completely separate subsection of the Rules discussing general defenses. *See* MCR 2.111(F)(2). It therefore can be reasoned that under the Michigan Rules, the defense of failure to state a claim is distinct from an affirmative defense. Since the Michigan Supreme Court has made clear that the effect of the SOR is to "prevent[] a cause of action from ever accruing," thereby leaving the plaintiff with "literally . . . *no* cause of action," *O'Brien*, 299 N.W.2d at 341 (internal quotations omitted), it is likely that the Michigan Court would read the SOR as a defense of failure to state a claim, rather than as an affirmative defense.

While, as mentioned above, the Michigan courts have never explicitly held such, the Delaware Supreme Court has done so with respect to Delaware's substantively identical statute of