Harold M. COHEN, Plaintiff–
Appellant,

v.

TRANS UNION;  Equifax Information
Services;  CBC Companies, Inc.,
Defendants–Appellees.

No. 02–4420.

United States Court of Appeals,
Sixth Circuit.

June 6, 2003.

---

Before: MOORE and GIBBONS, Circuit Judges; and SCHWARZER, District Judge.*

## ORDER

Harold M. Cohen, aka Buddy Cohen, an Ohio resident, appeals pro se the summary judgment for defendants in an action filed pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cohen filed a complaint against three credit reporting agencies, claiming that they had reported false information on his credit report. According to the complaint, defendants listed four tax liens in favor of the state of Ohio that actually pertained to a Harold E. Cohen and not Harold M. Cohen.

All parties filed cross motions for summary judgment. The documentary evidence submitted in support of defendants' motions showed that Cohen had been the president and sole shareholder of Hot Rod Paradise, aka HRP Auto Centers, Inc. He was criminally prosecuted for failure to

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

remit state taxes withheld from his employees, and failure to pay sales taxes. Cohen entered a guilty plea and was sentenced to one year of imprisonment. The state of Ohio commenced a civil proceeding to recoup the unpaid withholding taxes, serving Cohen by certified mail addressed to Harold E. Cohen at Cohen's home address, although he was incarcerated at the time. The mail was refused due to the erroneous middle initial, although Cohen admits that he eventually received copies of the assessments. He appealed to the Ohio Board of Tax Appeals and attended a hearing, which resulted in affirmance of the assessments. The Board of Tax Appeals specifically noted the error in the middle initial, but stated that Cohen had not objected on that basis. Liens were subsequently filed which repeated the middle initial error, but contained Cohen's correct first and last names, address, and social security number. Defendants reported these liens on Cohen's credit report, and did not remove them on Cohen's request.

Defendant Trans Union also filed a motion for sanctions pursuant to Fed.R.Civ.P. 11. The district court denied Cohen's motions for summary judgment, granted defendants' motions for summary judgment, and imposed sanctions of $1000 against Cohen. On appeal, Cohen continues to argue that defendants were required to reinvestigate and remove the tax liens from his credit report within thirty days of his requests. He also argues that the liens are invalid because the state of Ohio did not serve him with the assessments by certified mail, and because the civil proceeding violated his right against Double Jeopardy. Finally, he requests that the order of sanctions be reversed.

Upon review, we conclude that the summary judgment in favor of defendants must be affirmed, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ An essential element of a claim under the FCRA is a showing that information in a credit report is inaccurate. *Spence v. TRW, Inc.,* 92 F.3d 380, 382 (6th Cir.1996). Cohen failed to establish this essential element of his case. The record shows that the tax liens are accurate. Cohen has not established that there is another Harold Cohen with the same social security number, residing at his address, who also was president and sole shareholder of Hot Rod Paradise, aka HRP Auto Centers, Inc., and was criminally and civilly prosecuted for failing to remit state taxes withheld from his employees' pay. The district court also properly noted that Cohen was barred from asserting the inaccuracy of the liens because the state proceedings had previously determined that the debts were accurate. *Id.* Cohen appealed the assessments and attended the hearing, but never objected to the error in his middle initial. Therefore, he is estopped from raising that objection now.

■ Cohen also argues that the state of Ohio failed to serve him with the tax assessments by certified mail, and that the civil proceeding subjected him to Double Jeopardy. Neither of these claims would entitle Cohen to relief from the named defendants, who are not responsible for serving him in the state civil proceeding or for allegedly subjecting him to Double Jeopardy. Defendants accurately reported the tax liens filed against Cohen in his credit report, and no reinvestigation would have caused them to be removed. Furthermore, neither of these claims has merit. Refusal of certified mail does not result in failure of service. *United States v. Bolton,* 781 F.2d 528, 533 (6th Cir.1985). Also, the assessment of civil penalties against a taxpayer in an amount calculated to recoup the loss is not punishment for

purposes of Double Jeopardy. *United States v. Alt*, 83 F.3d 779, 782 (6th Cir. 1996).

Finally, Cohen requests the reversal of the award of sanctions against him under Rule 11. However, he has not supported this request with any argument that would show that the district court abused its discretion in awarding sanctions based on his filing of a frivolous complaint alleging that defendants were required to remove the accurately reported tax liens from his credit report. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir.2002). No abuse of discretion being apparent, there is no basis for reversing the award.

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.