NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2013[*]
Decided May 31, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3928

| | |
|---|---|
| NATHAN GILLIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 11-cv-560-bbc |
| | |
| MICHAEL MEISNER, et al., | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Judge.* |

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

After Wisconsin prisoner Nathan Gillis received a sizable settlement to dismiss a lawsuit against prison officials, he amassed more than $100,000 in his prison trust account. He claims in this suit that prison officials improperly restricted him from disbursing these funds in violation of the settlement agreement and the due process clause, and in retaliation for his filing another lawsuit. The district court dismissed on the pleadings the breach-of-contract and due-process claims and granted summary judgment to the remaining defendant on the retaliation claim. We affirm.

Gillis filed a complaint in federal court, alleging that Anthony Ashworth, a unit manager at Columbia Correctional Institution, wrongly denied his request to send money in his prison account to his mother, and that the warden, Michael Meisner, improperly upheld Ashworth's decision. The district court construed the complaint as raising three claims: (1) the defendants violated Gillis's procedural due process rights by denying him the ability to "send over $25 to his family"; (2) Ashworth retaliated against Gillis in violation of the First Amendment for filing a different lawsuit (not the one that settled) against Ashworth; and (3) the defendants breached a contract by violating the settlement agreement, which, according to the complaint, guaranteed that Gillis could send the settlement money to his family.

The defendants moved under Federal Rule of Civil Procedure 12(c) to dismiss only the due-process and breach-of-contract claims, and attached to their motion a copy of the settlement agreement and the prison policy governing requests for inmate account disbursements more than $100. Under that policy, when the inmate's social worker and parole officer recommend approving a request, the unit manager makes a recommendation to the warden about the request, and then the warden makes the final decision.

The district court granted the defendants' motion and dismissed the due-process and breach-of-contract claims. The court dismissed the contract claim because the settlement agreement lacked any guarantee, as Gillis had asserted, that he could use the settlement money to support his family. Although Gillis had not attached the agreement to his submissions, the court was willing to consider the document because it had been mentioned in the complaint and was central to his contract claim. The court also dismissed the due-process claim because Gillis had no protected property interest in sending more than $25 in his prison account to family members. No protected property interest existed, the court determined, because Wisconsin law and the prison policy—of which the court took judicial notice—did not limit prison officials' discretion.

The court ultimately granted summary judgment for Ashworth on Gillis's

retaliation claim. No reasonable jury could conclude, the court reasoned, that Ashworth had a retaliatory motive based on the only two facts possibly supporting an inference of retaliation: Gillis had filed a lawsuit against Ashworth more than two years before Ashworth denied his disbursement request, and Ashworth technically violated prison policy when he denied the request rather than recommending that the warden deny it. Alternatively, even if Ashworth had acted with retaliatory motive, the court determined that Gillis's disbursement request would have been denied anyway because the warden later rejected the request on grounds that Gillis had not complied with the prison policy by first requesting approval from his parole officer or social worker.

Gillis argues on appeal that the court should not have considered materials outside the complaint when ruling on the defendants' Rule 12(c) motion. He does not identify which documents the court improperly considered, but construing his pro se submission generously, *see Byers v. Basinger*, 610 F.3d 980, 986 (7th Cir. 2010), we understand him to challenge the district court's consideration of two documents not attached to the complaint: the settlement agreement and the prison's inmate-account disbursement policy.

The district court did not err in considering the settlement agreement. Although a court usually may not consider materials outside the pleadings on a Rule 12(c) motion without treating the motion as one for summary judgment, *see* FED. R. CIV. P. 12(d); *R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003), an exception exists when a concededly authentic document is referred to in a complaint and is central to the plaintiff's claim, *see Santana v. Cook County Board of Review*, 679 F.3d 614, 619 (7th Cir. 2012); *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *cf. Pisciotta v. Old National Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (same standards apply to review of Rule 12(c) motion as Rule 12(b)(6) motion). This exception applies here: The settlement agreement is invoked in the complaint and it lies at the heart of the breach-of-contract claim (the agreement purportedly entitled Gillis to use the settlement money to support his family without restriction).

With respect to the prison policy, the district court misstepped, but the error is inconsequential. The court said it was taking "judicial notice" of the policy, but the policy does not appear to be a matter of public record that would allow it to be considered without converting the Rule 12(c) motion into a motion for summary judgment. *See Doss v. Clearwater Title Co.*, 551 F.3d 634, 639–40 (7th Cir. 2008); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). This was error, and the court should have given Gillis notice and an opportunity to respond and submit additional materials. But the error is harmless if it does not affect Gillis's substantial rights, *see Loeb Industries,*

*Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479–80 (7th Cir. 2002), and we do not see how the court's consideration of the prison policy affected his substantial rights. He acknowledges that the policy was accurate and applicable, and he even had attached the relevant portion of the policy to some of his submissions (though not the complaint) before the court ruled on the Rule 12(c) motion. *See Rutherford v. Judge & Dolph Ltd.*, 707 F.3d 710, 714 (7th Cir. 2013) (consideration of outside materials was harmless where "[a]ppellants were the ones who first submitted evidence outside the pleadings"); *Edgenet, Inc. v. Home Depot, U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011). Further, Gillis did not object to the defendants' submission of the policy at summary judgment. And apart from any consideration of the prison policy, Gillis has no property right to send more than $25 from his prison account to his family. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). "A protected property interest exists only when the state's discretion is clearly limited," *Booker-El v. Superintendent, Indiana State Prison*, 668 F.3d 896, 900 (7th Cir. 2012) (internal quotation omitted), and under Wisconsin law, the warden has discretion to approve or reject large disbursement requests, so Gillis has no legitimate entitlement to such outlays. *See* WIS. STAT. § 301.32(1) (inmate property "may be used only under the direction and with the approval of the superintendent or warden"); WIS. ADMIN. CODE DOC § 309.49(3) (requests for disbursement of more than $25 to a close family member "may be made only with written permission of the superintendent or designee").

Finally, Gillis argues that he submitted affidavits that create an unspecified fact issue concerning his retaliation claim against Ashworth. But, as the district court concluded, Gillis's meager factual submission at summary judgment would not allow a jury to infer that his earlier lawsuit was a "motivating factor" influencing Ashworth to deny his disbursement request. *See Greene v. Doruff*, 660 F.3d 975, 979 (7th Cir. 2011). And even if Gillis could show that Ashworth had a retaliatory motive, the court was correct that Gillis's request would have been denied anyway: Gillis did not consult his parole agent and social worker, as prison policy required, and the warden (who had ultimate decision-making authority) refused to approve the request until he did so.

AFFIRMED.